UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>RAJMP, INC.; ESTATE OF ROBERT A. POLITTE et al.,<br><br>           Defendants. | Case No.: 17-cv-00515-AJB-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**<br><br>(Doc. No. 65) |

Presently before the Court is Plaintiff the United States of America's ("Plaintiff") motion for leave to amend its complaint. (Doc. No. 65-1.) Defendants RAJMP, Inc., Estate of Robert A. Politte, Joan M. Politte, Pacific Western Bank, Pofaco, Inc., and County of San Diego (collectively referred to as "Defendants") did not file an opposition. Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for decision on the papers. Thus, the motion hearing set for August 17, 2017, is hereby **VACATED**. For the following reasons, the Court **GRANTS** Plaintiff's motion to amend.

## **BACKGROUND**

On March 15, 2017, Plaintiff filed a complaint against Defendants to reduce federal tax assessments to judgment and foreclose federal tax liens on real property. (Doc. No. 1.) Specifically, at issue are nine parcels of real property against which the United States seeks

to sell as part of this action. (*Id*. ¶ 20.) Plaintiff also requests to collect Defendant RAJMP's alleged federal tax liabilities from property of Defendants the Estate of Robert and Joan Politte because they are the alter egos of RAJMP. (*Id*. ¶ 1.)

On April 5, 2016, Robert Politte died. (Doc. No. 65-1 at 2.) As Mrs. Politte is the surviving spouse of Mr. Politte, Plaintiff named Mrs. Politte as a defendant in this action in her capacity as the personal representative of the estate. (*Id*. at 3.)

On June 30, 2017, Plaintiff filed the instant motion, its motion to amend and correct the complaint to add Kelly M. Politte and Ted. R. Politte as Defendants in this action in their capacity as Co-Personal Representatives of the Estate of Robert A. Politte. (*Id*.) Pursuant to the briefing schedule set by Judge Battaglia, Defendants' opposition to the present motion was due July 13, 2017. (Doc. No. 66.) However, Defendants failed to file an opposition or a statement of non-opposition.[1] On July 31, 2017, Plaintiff filed a motion for default judgment against Defendant POFACO. (Doc. No. 73.)

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be "freely" given when "justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC, v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and internal quotation marks omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

---

[1] Pursuant to Local Rule 7.1.f.3(a) if a party chooses not to oppose a motion, it must file a written statement to that effect. Moreover, if an opposing party fails to file an opposition, that failure may "constitute a consent to the granting of a motion or other request for ruling by the court." *Id*. at 3(c).

> etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.* at 182. Additionally, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## **DISCUSSION**

Plaintiff moves to amend the complaint to add Kelly M. Politte and Ted R. Politte, children of Robert A. Politte, as defendants in this action in their capacity as Co-Personal Representatives of the Estate and to remove Joan M. Politte in her capacity as the Personal Representative of the Estate. (Doc. No. 65-1 at 3.) In support of this motion, Plaintiff argues that Defendants would not be unduly prejudiced as this motion was filed early in the litigation. (*Id.* at 5.) Additionally, the issues in the action will remain the same. (*Id.*) Furthermore, Plaintiff asserts that it does not seek amendment with bad faith or any dilatory motive as they are simply trying to ensure that the proper persons are named in the instant action. (*Id.* at 6.)

Based on the *Foman* factors, the Court finds amendment appropriate. Here, the Court finds no indication that Plaintiff seeks to amend so as to delay the case; thus there is no evidence of bad faith. *See Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (holding that bad faith is evident when amendment is introduced solely for delay or improper purpose). Moreover, Plaintiff did not delay in filing its motion. Plaintiff states that they brought this motion within two weeks of learning that the court had appointed Kelly and Ted Politte as Co-Personal Representatives of the Estate. (Doc. No. 65-1 at 6.) Next, as to the most determinative factor, Defendants will not be prejudiced by this amendment. *Eminence Capital*, 316 F.3d at 1052. Currently, this case is in its early stages of litigation and this motion is filed before a scheduling order has been issued, no discovery has commenced, and no trial date has been set. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (leave to amend sought on the eve of discovery deadline was properly denied). Finally, the Court does not find that amendment would be

futile as the issues in the complaint are to stay the same. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (holding that futility is found only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

For all these reasons, and finding that this is Plaintiff's first motion to amend the complaint, the Court concludes that the *Foman* factors weigh in favor of amendment. Accordingly, Plaintiff's motion is **GRANTED**.

## **CONCLUSION**

As explained more fully above, the Court **GRANTS** Plaintiff's motion to amend the complaint. In light of this order, Plaintiff is instructed to file its amended complaint within **ten (10) days** of this order and serve it on Kelly and Ted Politte within **ninety (90) days** after it is filed pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: August 3, 2017

Hon. Anthony J. Battaglia
United States District Judge