UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO BANK, N.A.; PACIFIC WESTERN BANK; OUTFRONT MEDIA, INC.; HALLE PROPERTIES, L.L.C.; POFACO, INC.; COUNTY OF SAN DIEGO; MIDAS REALTY CORPORATION; KELLY M. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE; TED R. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE,<br><br>                      Defendants. | Case No.: 17-cv-00515-AJB-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING RAJMP, INC.'S MOTION TO EXCEED PAGE LIMIT FOR ITS EX PARTE APPLICATION FOR RECONSIDERATION;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART RAJMP, INC.'S EX PARTE APPLICATION FOR RECONSIDERATION**<br><br>(Doc. Nos. 143, 144) |

Pending before the Court are RAJMP, Inc.'s motion to exceed page limit and its ex parte application for reconsideration. (Doc. Nos. 143, 144.) As will be explained in greater detail below, the Court **GRANTS** RAJMP's motion to exceed page limit for its ex parte application for reconsideration and **GRANTS** in part and **DENIES** in part RAJMP's ex parte application for reconsideration.

## BACKGROUND

On March 15, 2017, the United States filed a complaint against Defendants. (*See generally* Doc. No. 1.) On August 9, 2017, the United States filed an amended complaint against Defendants. (*See generally* Doc. No. 79.) This action is brought by the United States to: (1) reduce to judgment certain outstanding federal tax assessments against Defendant RAJMP; (2) collect RAJMP's federal tax liabilities from property of Defendants the Estate of Robert A. Politte and Joan M. Politte as RAJMP's past and/or present alter egos; (3) adjudicate that POFACO is Robert A. Politte and/or Joan M. Politte's nominee; and (4) foreclose federal tax liens on several real properties at issue. (Doc. No. 79 ¶ 1.) The United States alleges that RAJMP has failed to pay federal employment taxes for 29 consecutive tax periods and has failed to pay federal unemployment taxes since 1998. (Doc. No. 79 ¶ 69.)

Mrs. Politte filed an answer to the amended complaint on August 30, 2017. (Doc. No. 86.) RAJMP filed an answer to the amended complaint on August 31, 2017. (Doc. No. 89.) Importantly, three motions for summary judgment were filed on February 28, 2018. (Doc. Nos. 115, 116, 119.) The Court denied Joan M. Politte's motion for summary judgment against the United States, denied RAJMP Inc.'s motion for summary judgment against the United States, and granted the United States' motion for partial summary judgment on its second claim for relief. (Doc. No. 142.)

## LEGAL STANDARD

Pursuant to FRCP 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(1)–(6). A motion made under the first three subsection of Rule 60(b) must be brought within a year, but a motion made under the other subsections need only be brought within a "reasonable time after entry of the order sought to be set aside." *Id.*; *see also U.S. v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982.)

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Additionally, it provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." A court has discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 2001).

## **DISCUSSION**

A. <u>Motion for Leave to Exceed Page Limits</u>

RAJMP seeks to exceed the page limit of ten pages for its ex parte application for reconsideration. "Given the district court's inherent power to control their dockets, whether to grant leave to exceed the page limits set forth in the Civil Local Rules appears to be at the full discretion of the Court." *Traylor Bros., Inc. v. San Diego Unified Port Dist.*, No.

3

17-cv-00515-AJB-WVG

08-cv-1019, 2012 WL 1019966, at *2 (S.D. Cal. March 26, 2012) (citing *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc)). In exercising its discretion, the Court finds good cause to **GRANT** RAJMP's leave to exceed the page limit pursuant to CivL.R. 7.1(h).

B. <u>Ex Parte Application for Reconsideration</u>

RAJMP moves for reconsideration on the following findings:

> 1. The Court ruled that the U.S. was exempt from the application of Federal Rules of Civil Procedure ("FRCP") Rule 13(a) because the compulsory-counterclaim requirement supposedly does not apply to the Government in tax cases, and
> 2. The Court ruled that the IRS's assessments against RAJMP for taxes for Form 940 liabilities for 1998 and Form 941 liabilities for the fourth quarter of 2000 were not barred by the statute of limitations for collection.
> 3. This Court stated in its Order that, "IRS assessment documents, such as Form 4340, 'are normally entitled to a presumption of correctness,'" Doc. 142 p. 8, 11.13-14 (internal quotation marks omitted), and that, "the fact that RAJMP did not list those two periods on the OIC does not defeat the presumption of correctness of Forms 4340. Each Form 4340 states 'Offer in Compromise Pending' on July 25, 2006 and 'Offer in Compromise Rejected, Returned, Terminated' on September 27, 2007.'" *Id.* at p. 9.11.1-4.

(Doc. No. 144-1 at 6.)

In support of RAJMP's argument that the Court ruled that United States was exempt from the application of Fed. R. Civ. P. Rule 13(a), RAJMP simply provides an analysis of the case law the Court relied upon in support of its Order. (Doc. No. 144-1 at 11–20.) RAJMP does analyze one case that was decided after this Court issued its Order denying RAJMP's motion for summary judgment. (*Id.* at 20.) RAJMP relies upon *McClain v. McClain*, No. 16-36-BLG-SPW-TJC, 2018 WL 4963182 (D. Mon., Oct. 15, 2018) to support its claim that the United States should have brought a counterclaim in the prior Refund Action. (*Id.* at 20–21.) However, the Court finds this case unpersuasive. First, *McClain* is not binding precedent on this Court. Second, *McClain* is different from the

instant case in several notable ways. In *McClain*, the United States filed suit against the McClain defendants for failure to pay payroll taxes and the McClain defendants counterclaimed for a refund. *Id.* at *1. The McClain defendants then sought severance of their counterclaim. *Id.* The court in *McClain* analyzed the severance issue under Fed. R. Civ. P. Rule 21, not Fed. R. Civ. P. Rule 13(a), which is at issue here. *Id.* at *2. Thus, the Court finds *McClain* unpersuasive. Accordingly, the Court **DENIES** RAJMP's ex parte application for reconsideration in regards to its decision that Fed. R. Civ. P. Rule 13(a) does not apply to the instant action.

RAJMP contends that the Court incorrectly ruled that the IRS's assessments against RAJMP of taxes for Form 940 liabilities for 1998 and Form 941 liabilities for the fourth quarter of 2000 were barred by the statute of limitations and that the OIC was rejected and returned. The Court finds that there is a genuine issue of material fact regarding the statute of limitations. Accordingly, the Court **GRANTS** RAJMP's motion for reconsideration for the limited purpose of issuing an amended order reflecting the genuine issue of material facts for RAJMP's statute of limitations claim.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** RAJMP, Inc.'s motion to exceed the Court's page limit, and **GRANTS** in part and **DENIES** in part RAJMP Inc.'s ex parte application for reconsideration.

**IT IS SO ORDERED**.

Dated: November 13, 2018

Hon. Anthony J. Battaglia
United States District Judge