# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>v.<br><br>RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO BANK, N.A.; PACIFIC WESTERN BANK; OUTFRONT MEDIA, INC.; HALLE PROPERTIES, L.L.C.; POFACO, INC.; COUNTY OF SAN DIEGO; MIDAS REALTY CORPORATION; KELLY M. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE; TED R. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE,<br><br>                          Defendants. | Case No.: 17-cv-00515-AJB-WVG<br><br>**AMENDED ORDER:**<br><br>**(1) DENYING JOAN M. POLITTE'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(2) DENYING RAJMP, INC.'S MOTION FOR SUMMARY JUDGMENT;**<br><br>**(3) GRANTING UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS SECOND CLAIM FOR RELIEF**<br><br>(Doc. Nos. 115, 116, 119) |

Pending before the Court are three motions for summary judgment. (Doc. Nos. 115, 116, 119.) As will be explained in greater detail below, the Court **DENIES** Joan M. Politte's motion for summary judgment against the United States of America, (Doc. No. 115), **DENIES** RAJMP Inc.'s motion for summary judgment against the United States of America, (Doc. No. 116), and **GRANTS** the United States' motion for partial summary judgment on its second claim for relief, (Doc. No. 119).

## BACKGROUND

### A. Factual Background

This action is brought by the United States to (1) reduce to judgment certain outstanding federal tax assessments against Defendant RAJMP; (2) collect RAJMP's federal tax liabilities from property of Defendants the Estate of Robert A. Politte and Joan M. Politte as RAJMP's past and/or present alter egos; (3) adjudicate that POFACO is Robert A. Politte and/or Joan M. Politte's nominee; and (4) foreclose federal tax liens on several real properties at issue. (Doc. No. 79 ¶ 1.) The United States alleges that RAJMP has failed to pay federal employment taxes for 29 consecutive tax periods and has failed to pay federal unemployment taxes since 1998. (Doc. No. 79 ¶ 69.)

The following assessments were made against RAJMP for unpaid federal unemployment taxes (Form 940) and federal employment taxes (Form 941):

| Tax-Tax Period | Assessment Date |
| --- | --- |
| Form 940 – 1998 | May 22, 2006 |
| Form 941 – 12/31/1998 | May 29, 2006 |
| Form 941 – 9/30/1999 | June 5, 2006 |
| Form 941 – 12/31/2000 | November 27, 2006 |

(Doc. No. 116-2 at 7; Doc. No. 123 at 9.) RAJMP submitted a request for Collection Due Process Hearing ("CDP"), which the IRS received on August 31, 2006. (Doc. No. 123 at 9.) RAJMP also submitted an Offer in Compromise ("OIC") to settle its tax liabilities on July 17, 2006. (*Id.* at 10.)

On or about May 23 and May 24, 2007, the Internal Revenue Service ("IRS") recorded Notices of Federal Tax Lien identifying Robert A. Politte and Joan M. Politte as alter egos of RAJMP with respect to RAJMP's unpaid federal tax liabilities. (Doc. No. 122 at 7.) Thereafter, the Polittes sold two residential condominiums to which the tax liens applied and, accordingly, the net proceeds of the sales were paid to the IRS. (*Id.*) On October 4, 2007, the Polittes filed a complaint with this Court against the United States requesting a refund for the net proceeds of the sales of the condominiums. (*Id.*) The United States did not assert a claim or counterclaim in the Polittes' action. (Doc. No. 115-1 at 9.) This Court held in favor of the United States and determined that the Polittes were alter egos of RAJMP. (Doc. No. 122 at 8.)

The Polittes appealed this Court's decision. (Doc. No. 119-1 at 6.) The Ninth Circuit affirmed this Court's decision in full. (*Id.*) The Supreme Court denied certiorari. (Doc. No. 125 at 29.)

**B.    Procedural Background**

On March 15, 2017, the United States filed a complaint against Defendants. (*See generally* Doc. No. 1.) Thereafter, several joint motions to dismiss parties were filed and granted. (Doc. Nos. 24, 50, 58, 61, 63, 64, 75.) On August 9, 2017, the United States filed an amended complaint against Defendants. (*See generally* Doc. No. 79.) Mrs. Politte filed an answer to the amended complaint on August 30, 2017. (Doc. No. 86.) RAJMP filed an answer to the amended complaint on August 31, 2017. (Doc. No. 89.) Thereafter, the instant motions for summary judgment were filed on February 28, 2018. (Doc. Nos. 115, 116, 119.)

## **LEGAL STANDARD**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a

reasonable jury could return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Celotex Corp.*, 477 U.S. at 330. When ruling on a summary judgment motion, a court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## **DISCUSSION**[1]

**A. Joan M. Politte's Motion for Summary Judgment against the United States**

Mrs. Politte brings her summary judgment motion on her affirmative defense of res judicata as to all claims brought against her. (*See generally* Doc. No. 115-1.) The United States opposes the motion. (Doc. No. 122.) Both parties filed notices of supplemental authority. (Doc. Nos. 135, 136.)

a. Federal Rule of Civil Procedure 13(a)

Mrs. Politte contends that Rule 13(a) of the Federal Rules of Civil Procedure applies to the United States, and therefore, the United States' claims are barred on the basis of res

---

[1] The Court notes that Magistrate Judge Gallo's October 11, 2017 Order and February 14, 2018 Order allowed parties to file summary judgment motions for the limited issue of statute of limitations. (Doc. No. 105; Doc. No. 114.) While, this Court will address the merits of motions presently before it, the Court advises parties to follow and adhere to all court orders in the future.

judicata. (*See generally* Doc. No. 115-1.) In opposition, the United States does not dispute that generally res judicata may apply to the United States, but rather argues that Federal Rule of Civil Procedure 13(a) does not apply to federal tax collection claims. (Doc. No. 122 at 4.) Federal Rule of Civil Procedure 13(a) governs compulsory counterclaims, and provides in part:

> A pleading must state as a counterclaim any claim that–at the time of its service–the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a).

"Courts have found that the 'strictures of Fed. R. Civ. P. 13 simply do not apply to counterclaims for delinquent taxes.'" *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044-LJO, 2000 WL 1728117, at *9 (E.D. Cal. Oct. 4, 2000) (quoting *Gustin v. United States of America, Internal Revenue Service* [89-2 UTSC ¶ 9423], 876 F.2d 485, 490 n.1 (5th Cir. 1989); *Pfeiffer Company v. United States* [75-1 USTC ¶ 9511], 518 F.2d 124, 130 (8th Cir. 1975)). "To require a collection action to be asserted as a compulsory counterclaim in a refund suit, as appellee urges here, would drastically reduce the government's collection time period . . . we are not persuaded that Congress intended such a result." *Caleshu v. United States*, 570 F.2d 711, 714 (8th Cir. 1978). Simply stated, "an action to reduce unpaid tax assessments to judgment is not a compulsory counterclaim in a refund action." *United States v. Gonzales for Estate of Gonzales*, No. 17-01523 SBA, 2018 WL 3054886, at *5 n.3 (N.D. Cal. June 20, 2018).

Mrs. Politte cites *Hemmings v. United States*, 843 F. Supp. 935 (S.D. Tex. 1993), *United States v. Arthur L. Evans Trust*, 30 A.F.T.R. 2d 72-5647 (S.D. Ohio 1972), *Crocker v. United States*, 323 F. Supp. 718 (N.D. Miss 1971), and *Dowie v. United States*, 37 F.R.D. 229 (N.D.N.Y. 1964) for the proposition that Rule 13(a) applies to this federal tax collection matter. (Doc. No. 115-1 at 18–19.) However, the Court finds these cases

5

unpersuasive. The cases Mrs. Politte relies upon are not circuit court cases and have not been relied upon by any district court in the Ninth Circuit. In her reply, Mrs. Politte relies upon *C.I.R. v. Sunnen*, 333 U.S. 591 (1948) for the principle that res judicata applies to federal tax cases. (Doc. No. 127 at 6.) However, the Supreme Court explicitly held that res judicata is "applicable in the federal income tax field." *Id.* at 598–99. The instant action is not one regarding federal income tax. Further, *Sunnen* does not analyze res judicata predicated on Rule 13(a). Therefore, *Sunnen* is inapplicable.

The Court finds that Rule 13(a) does not apply to the instant action. *See Caleshu*, 570 F.2d at 714; *Gonzales for Estate of Gonzales*, 2018 WL 3054886, at *5. Mrs. Politte's res judicata claim fails as it was predicated on the finding that Rule 13(a) applied to the instant case. The United States' claims were not compulsory counterclaims. Therefore, the United States claims are not barred by res judicata on the basis of Rule 13(a). Accordingly, the Court **DENIES** Mrs. Politte's motion for summary judgment.

## B. RAJMP, Inc.'s Motion for Summary Judgment against the United States

RAJMP brings its summary judgment motion on the affirmative defense of res judicata as to all claims brought against it and on the basis of statute of limitations. (*See generally* Doc. No. 116-2.) The United States opposes the motion. (Doc. No. 123.)

### a. Res Judicata

RAJMP asserts that the United States is barred in this action on the basis of res judicata. (Doc. No. 116-2 at 10.) However, as explained above, *supra* pp. 4–6, Federal Rule of Civil Procedure 13(a) does not apply to the instant action. Therefore, RAJMP's claim of res judicata on the basis of Rule 13(a) fails. Accordingly, the Court **DENIES** RAJMP's motion for this claim.

### b. Statute of Limitations

RAJMP asserts it is entitled to summary judgment for four separate tax periods as the statute of limitations for these collections has lapsed. (Doc. No. 116-2 at 10.) The United States contends that the statute of limitations for collection of these four tax assessments was suspended for a sufficient time. (Doc. No. 123 at 14.)

6

17-cv-00515-AJB-WVG

Section 6502(a) of the Internal Revenue Code provides the United States with ten years after the date of assessment to collect an assessed federal tax liability. The earliest assessment was made on May 22, 2006 for Form 940. (Doc. No. 116-2 at 12; Doc. No. 123 at 14.) Then assessments were made on June 5, 2006, for Form 941, on November 27, 2006, for Form 941, and on May 29, 2006 for Form 941. (Doc. No. 116-2 at 12.) RAJMP contends that the 10-year statute of limitations expired no later than November 27, 2016 because no tolling occurred by either the CDP or its OIC. (*Id.* at 11.) RAJMP's analysis of the statute of limitations terminates there. (Doc. No. 116-2 at 11–12.)

However, the United States asserts that RAJMP's CDP suspended the statute of limitations for the Form 941 liability for the period ending December 31, 1998. (Doc. No 123 at 15.) Further, the United States contends that RAJMP's OIC suspended the four tax assessments at issue in RAJMP's motion. (Doc. No. 123 at 16.)

*i. RAJMP's CDP*

The United States contends that RAJMP's CDP suspended the statute of limitations for the Form 941 liability for the period ending December 31, 1998 (Doc. No. 123 at 15.) RAJMP contends that the CDP did not include any periods from 1998. (Doc. No. 128 at 4.) RAJMP's CDP does state "Taxable Period(s): 3/30/1999 through 12/31/2005, inclusive." (Doc. No. 123-7 at 2.) However, RAJMP states in the attached letter to the CDP that RAJMP requests a CDP hearing relating to the enclosed Notice of Federal Tax Lien and Final Notice. (*Id.* at 3.) Both the Notice of Federal Tax Lien and Final Notice that are attached to the CDP include the December 31, 1998 Form 941. (*Id.* at 7, 10.) The United States argues that the IRS issued a notice of determination on September 24, 2006, which included the Form 941 liability for the period ending December 31, 1998.[2] (Doc. No. 123 at 15.) If the CDP included the Form 941 liability for the period ending December 31, 2016, the statute of limitations would have been properly tolled under 26 U.S.C. § 633(e)(1).

---

[2] The United States did not properly authenticate the notice of determination attached as Exhibit 6 to the Declaration of Jeremy Hendon, (Doc. No. 123-8). "[U]nauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

Therefore, the Court finds that there is a genuine dispute of material fact regarding the taxable periods RAJMP's CDP addressed.

### ii. RAJMP's OIC

The ten-year collection statute (26 U.S.C. § 6502(a)) is suspended during the time in which the IRS is prohibited from making a levy. 26 U.S.C. § 6331(i)(5). No levy may be made during the pendency of an offer-in-compromise and if such offer is rejected no levy may be made during the 30 days thereafter. 26 U.S.C. § 6331(k)(1).

RAJMP contends that the OIC did not suspend the statute of limitations for at least two of the periods at issue, Form 940 liabilities for 1998 and Form 941 liabilities for the Fourth Quarter of 2000. (Doc. No. 128 at 4.) The United States asserts that the OIC covered all periods at issue. (Doc. No. 123 at 10.)

In support of its contention, the United States provided Forms 4340 for each period at issue. (Doc. No. 123 Ex. 1, 2, 3, 4.) "IRS assessment documents, such as Form 4340, 'are normally entitled to a presumption of correctness.'" *United States v. Kidwell*, No. 16-433, 2017 WL 714381, at *3 (E.D. Cal. Feb. 23, 2017) (quoting *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997)). RAJMP asserts that no presumption of correctness should be afforded to the provided Forms 4340 on the basis that Form 940 tax for 1998 and Form 941 tax for the Fourth Quarter of 2000 were not included in Item 5 of the OIC, that the date of the notice of determination is April 23, 2007 rather than September 24, 2007 as the United States stated in their response, that an "Intent to Levy" was never issued relative to Form 941 for the Third Quarter, 1999, and Fourth Quarter, 2000, and finally that RAJMP needs to conduct further discovery regarding the accuracies of Forms 4340. (Doc. No. 128 at 6–7.)

Each Form 4340 does state "Offer in Compromise Pending" on July 25, 2006 and "Offer in Compromise Rejected, Returned, Terminated" on September 24, 2007. (Doc. No. 123-3 at 4; Doc. No. 123-4 at 3, 5; Doc. No. 123-5 at 3, 5; Doc. No. 123-6 at 4, 5.) In its reply, RAJMP does not dispute that the OIC applied to the Form 941 liabilities for the Fourth Quarter of 1998 and the Third Quarter of 1999. (Doc. No. 128 at 4.) Further, Forms

4340 for both Form 940 tax for 1998 and Form 941 tax for the Fourth Quarter of 2000 explicitly state that the OIC applied to those periods as well. (Doc. No. 123-3 at 4; Doc. No. 123-6 at 4, 5.) Based on the Forms 4340, the IRS accepted RAJMP's OIC on July 25, 2006, RAJMP's OIC was pending until September 24, 2007, and on September 24, 2007, the IRS rejected the OIC. (Doc. No. 123 at 16.) Therefore, based on the evidence presented it appears the ten-year collection statute for all four tax assessments was tolled for a period of 426 days while the OIC was pending. In accordance with § 6331(k)(1), since the OIC was rejected by the IRS an additional 30 days is applied to the tolling period. Thus, based on the evidence presented, the four tax assessments were tolled for a total of 456 days. Accordingly, the earliest the statute of limitations would have expired is May 22, 2016 and the United States filed its complaint on March 15, 2017, which is 297 days after May 22, 2016. (Doc. No. 1.) Therefore, based on the evidence before the Court, the four tax assessments were tolled for well over 297 days. However, there is a dispute of material fact as to whether the Forms 4340 are entitled to the presumption of correctness and whether RAJMP's OIC was rejected or accepted. Accordingly, the Court **DENIES** RAJMP's motion for summary judgment.

The Court declines to address the parties' arguments regarding RAJMP's possible defense that the OIC was accepted for processing by the IRS on or about July 25, 2006 as premature and inappropriate for a motion for summary judgment when the RAJMP has explicitly stated further discovery is needed. (Doc. No. 116-2 at 12.)

**C.     The United States' Motion for Partial Summary Judgment on Its Second Claim for Relief**

The United States brings its motion for partial summary judgment on its second claim for relief. (*See generally* Doc. No. 119-1.) Mrs. Politte opposes the motion. (Doc. No. 125.) Mrs. Politte contends that the Court should not decide the issue of collateral estoppel because she is entitled to summary judgment on the grounds of res judicata. As the Court explained above, the Court denies Mrs. Politte's motion for summary judgment.

   a. <u>Collateral Estoppel</u>

9

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir.1995). "Under both California and federal law, collateral estoppel applies only where it is established that: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Id.* (quoting *Younan v. Caruso*, 51 Cal. App. 4th 401, 406–07 (1996)).

The issue of alter ego here is identical to the issue of alter ego that was decided in the previous litigation. Mrs. Politte contends that the issues are not identical on the basis that "if relevant facts in the two cases are separable, even though they be similar or identical, collateral estoppel does not govern the legal issue which recur in the second case." *Sunnen*, 333 U.S. at 601. (Doc. No. 125 at 19–21.) However, Mrs. Politte's reliance on *Sunnen* is misplaced. In *Sunnen*, the Supreme Court addressed the issue whether the treatment of income tax transaction occurring over multiple tax years may only be decided in one tax year on the basis of collateral estoppel. *Id. Sunnen* is distinguishable from the instant action. The issue of whether the Polittes are the alter ego of RAJMP is the identical issue that was already decided in the previous litigation.

The first proceeding did end with a final judgment on the merits. This Court held that the Polittes are the alter ego of RAJMP in the final judgment on the merits of the previous litigation. Lastly, the Polittes were parties to the previous litigation.

Mrs. Politte contends that the previous alter-ego determination was not essential to the previous judgment. (Doc. No. 125 at 21.) However, the finding that the Polittes were alter egos of RAJMP was essential since this was the basis for denying the Polittes' claim for a refund. Mrs. Politte asserts that she was not provided with a full and fair opportunity to litigate the alter ego claim. (*Id.* at 22.) This contention is entirely unfounded. Mrs. Politte had full and fair opportunity to litigate the issue of alter ego in the previous action.

Furthermore, Mrs. Politte appealed this Court's decision and the Ninth Circuit affirmed this Court's decision in full.

Mrs. Politte asserts that the amount in controversy in the current action far exceeds the first action, and therefore, it would be inequitable to bar her from litigating the alter-ego claim. (*Id.* at 25.) While there is a disparity in the amount of controversies, Mrs. Politte was aware in the first litigation that the finding of alter-ego may subject the Polittes to RAJMP's entire liability in tax, penalties and interests. (Doc. No. 130 at 4; *Robert A. Politte, et al. v U.S.*, 07-CV-1950, ECF Doc. No. 233 at 6 (related case).) Therefore, Mrs. Politte was awarded the opportunity to fully and fairly litigate this issue and was aware of the gravity of the alter-ego determination during litigation.

Lastly, Mrs. Politte contends that this Court lacked jurisdiction to enter its alter-ego ruling. (Doc. No. 125 at 28.) Mrs. Politte relies on *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund. Inc.*, 527 U.S. 308 (1999) to support her assertion. 28 U.S.C. § 132 provides that district judges hold the judicial power of the district. The statutes applicable to the determination of federal tax liability are federal law. Federal courts have construed the terms "property" and "rights to property" for the purposes of 26 U.S.C. § 6321 to include "not only the property and rights to property owned by the delinquent taxpayer, but also property held by a third party if it is determined that the third party is holding the property as a nominee or *alter ego* of the delinquent taxpayer." *Spotts v. United States*, 429 F.3d 248, 251 (6th Cir. 2005) (emphasis added) (citing *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350–51, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977)); *see also Macklin v. United States*, 300 F.3d 814, 818 n. 2 (7th Cir.2002); *Towe Antique Ford Found. v. I.R.S.*, 791 F. Supp. 1450, 1454 (D. Mont. 1992), *aff'd*, 999 F.2d 1387 (9th Cir. 1993). Further, Mrs. Politte's reliance on *Grupo Mexicano* is misplaced. *Grupo Mexicano* does not address alter-ego liability or a federal court's power to decide such an issue. Mrs. Politte provides no authority stating that *Grupo Mexicano* applies to alter-ego liability or a federal court's power to determine alter-ego liability. Therefore, this Court had jurisdiction to enter its alter-ego ruling. Accordingly, the alter-ego determination in the first matter was a valid

and final judgment that was affirmed by the Ninth Circuit and the Supreme Court denied certiorari.

### b. Collection against the Assets of the Polittes

Under the Internal Revenue Code, where a taxpayer is "liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. As the statute indicates, no action by the United States is necessary, a statutory federal tax lien arises automatically as soon as an individual refuses to pay after demand. *See In re Berg*, 188 B.R. 615, 618 (9th Cir. BAP 1995) ("A tax lien in favor of the United States arises by operation of law if a person is unable to pay a tax liability after demand for payment is made."); *United States. v. Donahue Industries, Inc.*, 905 F.2d 1325, 1330 (9th Cir. 1990). The lien continues until the liability for the amount assessed is satisfied or becomes unenforceable by reason of lapse of time. 26 U.S.C. § 6322. This statutory provision imposing a lien "is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985).

Federal tax liens encumber property held by the taxpayer's nominee or alter-ego. Courts have construed the terms "property" and "rights to property" for the purposes of 26 U.S.C. § 6321 to include "not only the property and rights to property owned by the delinquent taxpayer, but also property held by a third party if it is determined that the third party is holding the property as a nominee or alter ego of the delinquent taxpayer." *Spotts*, 429 F.3d at 251 (citing *G.M. Leasing Corp.*, 429 U.S. at 350–51); *see also Macklin*, 300 F.3d at 818 n. 2; *Towe Antique Ford Found.*, 791 F. Supp. at 1454.

Further, the case law supports the United States' position that it has collected against an alter-ego's assets beyond those at issue in the case in chief in other jurisdictions. *Eckhardt v. United States*, No. 08-2179-CIV, 2010 WL 11504339 (S.D. Fla. July 8, 2010), *aff'd*, 463 F. App'x 852; *Acheff v. Lazare*, No. 12-CV-100, 2014 WL 894491 (D.N.M. Jan.

12

17-cv-00515-AJB-WVG

29, 2014), *aff'd sub nom. Acheff v. United States*, 595 F. App'x 741 (10th Cir. 2014); *see also, Wolfe v. United States*, 798 F.2d. 1241 (9th Cir. 1986), *cert. denied*, 428 U.S. 927 (1987). The Court has previously decided that the Polittes are alter-egos of RAJMP and the Ninth Circuit has affirmed this holding. As discussed above, the Polittes are collaterally estopped from re-litigating this issue. Therefore, based on the case law and applicable statutes, the Court finds that the assets held by an alter-ego may be reached by the United States to satisfy RAJMP's obligations.

Thus, the Court finds that the Polittes are collaterally estopped from disputing their status as alter-egos of RAJMP and that assets held by an alter-ego may be reached by the creditor to satisfy the debtor's obligations. Accordingly, the Court **GRANTS** the United States' motion for partial summary judgment on its second claim for relief.

## **CONCLUSION**

Based on the foregoing, the Court **DENIES** Joan M. Politte's motion for summary judgment against the United States, **DENIES** RAJMP Inc.'s motion for summary judgment against the United States, and **GRANTS** the United States' motion for partial summary judgment on its second claim for relief.

**IT IS SO ORDERED**.

Dated: November 13, 2018

Hon. Anthony J. Battaglia
United States District Judge

13

17-cv-00515-AJB-WVG