UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO BANK, N.A.; PACIFIC WESTERN BANK; OUTFRONT MEDIA, INC.; HALLE PROPERTIES, L.L.C.; POFACO, INC.; COUNTY OF SAN DIEGO; MIDAS REALTY CORPORATION; KELLY M. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE; TED R. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE,<br><br>                    Defendants. | Case No.: 17-cv-00515-AJB-WVG<br><br>**ORDER DENYING DEFENDANT JOAN M. POLITTE'S MOTION TO CERTIFY ORDER DENYING MOTION FOR SUMMARY JUDGMENT FOR INTERLOCUTORY REVIEW**<br><br>(Doc. No. 148) |

Pending before the Court is Defendant Joan M. Politte's motion to certify order denying motion for summary judgment for interlocutory review. (Doc. No. 148.) As will be explained in greater detail below, the Court **DENIES** Joan M. Politte's motion to certify.

## BACKGROUND

This action is brought by the United States to (1) reduce to judgment certain outstanding federal tax assessments against Defendant RAJMP; (2) collect RAJMP's federal tax liabilities from property of Defendants the Estate of Robert A. Politte and Joan M. Politte as RAJMP's past and/or present alter egos; (3) adjudicate that POFACO is Robert A. Politte and/or Joan M. Politte's nominee; and (4) foreclose federal tax liens on several real properties at issue. (Doc. No. 79 ¶ 1.) The United States alleges that RAJMP has failed to pay federal employment taxes for 29 consecutive tax periods and has failed to pay federal unemployment taxes since 1998. (*Id.* ¶ 69.)

On or about May 23 and May 24, 2007, the Internal Revenue Service ("IRS") recorded Notices of Federal Tax Lien identifying Robert A. Politte and Joan M. Politte as alter egos of RAJMP with respect to RAJMP's unpaid federal tax liabilities. (Doc. No. 122 at 7.) Thereafter, the Polittes sold two residential condominiums to which the tax liens applied and, accordingly, the net proceeds of the sales were paid to the IRS. (*Id.*) On October 4, 2007, the Polittes filed a complaint with this Court against the United States requesting a refund for the net proceeds of the sales of the condominiums. (*Id.*) The United States did not assert a claim or counterclaim in the Polittes' action. (Doc. No. 115-1 at 9.) This Court held in favor of the United States and determined that the Polittes were alter egos of RAJMP. (Doc. No. 122 at 8.) The Polittes appealed this Court's decision. (Doc. No. 119-1 at 6.) The Ninth Circuit affirmed this Court's decision in full. (*Id.*) The Supreme Court denied certiorari. (Doc. No. 125 at 29.)

On March 15, 2017, the United States filed a complaint against Defendants. (*See generally* Doc. No. 1.) Thereafter, several joint motions to dismiss parties were filed and granted. (Doc. Nos. 24, 50, 58, 61, 63, 64, 75.) On August 9, 2017, the United States filed an amended complaint against Defendants. (*See generally* Doc. No. 79.) Mrs. Politte filed

an answer to the amended complaint on August 30, 2017. (Doc. No. 86.) RAJMP filed an answer to the amended complaint on August 31, 2017. (Doc. No. 89.) Thereafter, several motions for summary judgment were filed on February 28, 2018. (Doc. Nos. 115, 116, 119.) The Court denied Defendants Mrs. Politte's and RAJMP's motions for summary judgment and granted Plaintiff's partial motion for summary judgment. (Doc. No. 142.) Defendants then filed an ex parte motion for reconsideration. (Doc. No. 144.) The Court granted in part and denied in part Defendants' motion for reconsideration and issued an amended order denying Defendants' motions for summary judgment and granting Plaintiff's motion for partial summary judgment. (Doc. Nos. 145, 146.)

## **LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), a party may move a district court to certify an order "not otherwise appealable" for interlocutory review. In order to certify the order, the Court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *Id.*; *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The moving party bears the burden of demonstrating these prerequisites. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "[§] 1292(b) is a departure from the normal rule that only final judgments are appealable[;] therefore [it] must be construed narrowly," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). However, in making this determination, "[a] district court has substantial discretion." *Hardt v. Direct Invest LLC*, No. 11-cv-1191-L(WVG), 2013 WL 494088, at *2 (S.D. Cal. Feb. 7, 2013).

## **DISCUSSION**

A. There is Controlling Question of Law

The first criterion is whether the order involves a "controlling question of law." 28 U.S.C. § 1292(b). A question is controlling if its resolution on appeal could have a material effect on the outcome of the case in the district court. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The Ninth Circuit has stated that fundamental questions of law, appropriate

for interlocutory appeal, include "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.* at 1026–27 (quoting *United States v. Woodbury*, 263 F.2d 784, 787–88 (1959)).

Defendant asserts a controlling question of law exists as to "[w]hether the Government's claims against Joan Politte in this case were compulsory counterclaims in the Refund Action?" (Doc. No. 148 at 9.) Plaintiff claims that Defendant has not presented a controlling question of law as Defendant's controlling question is not a pure legal question. (Doc. No. 153 at 13.) However, the Order that Defendant is seeking to appeal held as a matter of law that Rule 13(a) did not apply in this instant litigation. (Doc. No. 146 at 6.) Accordingly, the Court finds there is a controlling question of law.

B.  Immediate Appeal Would Not Materially Advance the Litigation's End

The next criterion is whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. If, by contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988).

Defendant asserts that appellate approval of Defendant's position that Rule 13(a) does apply to the Government would be dispositive of this entire matter with respect to her and the Estate of Robert A. Politte. (Doc. No. 148 at 11.) However, this would not resolve Plaintiff's claims against RAJMP. RAJMP has asserted that it will challenge the amount of liabilities assessed against it based on the fact that the IRS allegedly misallocated the payments received. RAJMP also claims that the IRS did not properly reject an offer in compromise. Further, since the filing of this instant motion, the Court has acquired a related case regarding RAJMP's claims based on the offer in compromise issue. Accordingly, there will be a handful of issues still remaining. Defendant does not dispute this, but rather contends that there is no requirement that the appeal must terminate all claims. However,

4

the several issues that would still remain coupled with the fact that after appellate review the Court would still have to make factual determinations indicate that immediate appeal would not materially advance the litigation's end.

C.   <u>There is No Substantial Ground for Difference of Opinion</u>

The last criterion is whether there is a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). A substantial ground for difference of opinion may exist when "the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (citations and internal quotation marks omitted.) "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Here, Defendant asserts that there is a difference in opinion because the Ninth Circuit has not directly answered this question. (Doc. No. 148 at 12.) However, there is not a dispute between circuits. Moreover, Defendant does not assert there is a circuit split. As this Court has previously found, the Eighth Circuit supports this Court's position in its order denying motion for summary judgment. *See Caleshu v. United States*, 570 F.2d 711, 714 (8th Cir. 1978).

Defendant asserts that *McLain v. McLain*, No. 16-36-BLG-SPW-TJC, 2018 WL 4963182 (D. Mon., Oct. 15, 2018), a district court order in the Ninth Circuit, disagrees with this Court's decision and thus there is substantial grounds for dispute. (Doc. No. 148 at 13.) However, Defendant relied upon this case in its motion for reconsideration and the Court has previously held that this case is factually different in several ways from the instant case. (Doc. No. 145 at 5.) In *McLain*, the United States filed suit against the McLain defendants for failure to pay payroll taxes and the McLain defendants counterclaimed for a refund. *Id.* at *1. The McLain defendants then sought severance of their counterclaim. *Id.* The court

5

17-cv-00515-AJB-WVG

in *McLain* analyzed the severance issue under Federal Civil Procedure Rule 21 not Rule 13(a). *Id.* at *2. Further, there are several district courts within the Ninth Circuit that have found that Rule 13(a) does not apply to federal tax collection claims. *See United States v. Gonzales for Estates of Gonzales*, 323 F. Supp. 3d 1119, 1126 n.3 (N.D. Cal. June 20, 2018); *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044-LJO, 2000 WL 1728117, at *9 (E.D. Cal. Oct. 4, 2000).

Defendant further asserts that there is a difference in opinion because of the several cases she relied upon in arguing her motion for summary judgment. (Doc. No. 148 at 12.) Defendant relies upon district court cases from Texas, Ohio, Mississippi, and New York. *See e.g.*, *Hemmings v. United States*, 842 F. Supp. 935 (S.D. Tex. 1993); *United States v. Arthur L. Evans Trust*, 30 A.F.T.R. 2d 72-5647 (S.D. Ohio 1972); *Crocker v. United States*, 323 F. Supp. 718 (N.D. Miss. 1971); *Dowie v. United States*, 37 F.R.D. 229 (N.D.N.Y. 1964). However, four of these cases were decided prior to *Caleshu* and these cases are factually different from the instant case. Defendant again relies upon the Supreme Court case of *C.I.R. v. Sunnen*, 333 U.S. 591 (1948) to establish a difference in opinion. However, the Court has previously held that *Sunnen* is inapplicable to this case. (Doc. No. 142 at 6.)

The Court finds that there is not substantial ground for difference of opinion on the question of whether the Government's claims against Mrs. Politte were compulsory counterclaims in the previous action.

D.  Prejudice Against Plaintiff

Plaintiff asserts that it will be prejudiced by the delay of the appeal because it is unclear now whether the sale of the real properties will satisfy RAJMP's unpaid tax liabilities. (Doc. No. 153 at 25.) Further, evidentiary concerns become more apparent the longer the litigation is pending. (*Id.* at 26.) Defendant simply responds that Plaintiff's arguments should be rejected because Plaintiff is assuming that it will prevail in this action. (Doc. No. 154 at 12.) However, Plaintiff's concerns regarding prejudice are justified. Accordingly, the Court finds Plaintiff will suffer prejudice if the Order is certified for interlocutory appeal.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Joan M. Politte's motion to certify order denying motion for summary judgment for interlocutory review.

**IT IS SO ORDERED**.

Dated: August 12, 2019

Hon. Anthony J. Battaglia
United States District Judge