UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO BANK, N.A.; PACIFIC WESTERN BANK; OUTFRONT MEDIA, INC.; HALLE PROPERTIES, L.L.C.; POFACO, INC.; COUNTY OF SAN DIEGO; MIDAS REALTY CORPORATION; KELLY M. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE; TED R. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE,<br><br>                              Defendants. | Case No.: 17-cv-00515-AJB-WVG<br><br>**ORDER DENYING DEFENDANT JOAN M. POLITTE'S MOTION TO RECONSIDER ORDER (DKT. #172) PURSUANT TO FED. R. CIV. P. 54(b)**<br><br>(Doc. No. 182) |

Pending before the Court is Defendant Joan M. Politte's motion to reconsider order (Dkt. #172) pursuant to Fed. R. Civ. P. 54(b). (Doc. No. 174.) As will be explained in greater detail below, the Court **DENIES** Joan M. Politte's motion to reconsider.

## **BACKGROUND**

This action is brought by the United States to (1) reduce to judgment certain outstanding federal tax assessments against Defendant RAJMP; (2) collect RAJMP's federal tax liabilities from property of Defendants the Estate of Robert A. Politte and Joan M. Politte as RAJMP's past and/or present alter egos; (3) adjudicate that POFACO is Robert A. Politte and/or Joan M. Politte's nominee; and (4) foreclose federal tax liens on several real properties at issue. (Doc. No. 79 ¶ 1.) The United States alleges that RAJMP has failed to pay federal employment taxes for 29 consecutive tax periods and has failed to pay federal unemployment taxes since 1998. (*Id.* ¶ 69.)

On or about May 23 and May 24, 2007, the Internal Revenue Service ("IRS") recorded Notices of Federal Tax Lien identifying Robert A. Politte and Joan M. Politte as alter egos of RAJMP with respect to RAJMP's unpaid federal tax liabilities. (Doc. No. 122 at 7.) Thereafter, the Polittes sold two residential condominiums to which the tax liens applied and, accordingly, the net proceeds of the sales were paid to the IRS. (*Id.*) On October 4, 2007, the Polittes filed a complaint with this Court against the United States requesting a refund for the net proceeds of the sales of the condominiums. (*Id.*) The United States did not assert a claim or counterclaim in the Polittes' action. (Doc. No. 115-1 at 9.) This Court held in favor of the United States and determined that the Polittes were alter egos of RAJMP. (Doc. No. 122 at 8.) The Polittes appealed this Court's decision. (Doc. No. 119-1 at 6.) The Ninth Circuit affirmed this Court's decision in full. (*Id.*) The Supreme Court denied certiorari. (Doc. No. 125 at 29.)

On March 15, 2017, the United States filed a complaint against Defendants. (*See generally* Doc. No. 1.) Thereafter, several joint motions to dismiss parties were filed and granted. (Doc. Nos. 24, 50, 58, 61, 63, 64, 75.) On August 9, 2017, the United States filed an amended complaint against Defendants. (*See generally* Doc. No. 79.) Mrs. Politte filed

an answer to the amended complaint on August 30, 2017. (Doc. No. 86.) RAJMP filed an answer to the amended complaint on August 31, 2017. (Doc. No. 89.) Thereafter, several motions for summary judgment were filed on February 28, 2018. (Doc. Nos. 115, 116, 119.) The Court denied Defendants Mrs. Politte's and RAJMP's motions for summary judgment and granted Plaintiff's partial motion for summary judgment. (Doc. No. 142.) Defendants then filed an ex parte motion for reconsideration. (Doc. No. 144.) The Court granted in part and denied in part Defendants' motion for reconsideration and issued an amended order denying Defendants' motions for summary judgment and granting Plaintiff's motion for partial summary judgment. (Doc. Nos. 145, 146.) The Court then denied Mrs. Politte's motion to certify the order denying Mrs. Politte's motion for summary judgment for interlocutory review. (Doc. No. 172.) Now Mrs. Politte has filed the instant motion to reconsider the order denying Mrs. Politte's motion to certify the order for interlocutory appeal. (Doc. No. 174.)

## **LEGAL STANDARD**

District courts have the inherent authority to entertain motions for reconsideration of interlocutory orders. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) ("[I]nterlocutory orders ... are subject to modification by the district judge at any time prior to final judgment."); *see also* Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). Absent highly unusual circumstances, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Beal v. Royal Oak Bar*, No. 13-cv-04911-LB, 2016 WL 3230887, at * 1–2 (N.D. Cal. June 13, 2016); *In re: Incretin Mimetics Prods. Liab. Litig.*, No. 13md2452 AJB (MDD), 2014 WL 12539702, at *1 (S.D. Cal. Dec. 9, 2014); *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 4076319, at *2 (N.D. Cal. Aug. 18, 2014); *Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003).

However, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Such a motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. It does not give parties a "second bite at the apple." *See id.*; *see also Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001). "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

## **DISCUSSION**

First, Mrs. Politte argues that the Court committed clear error in denying the motion to certify as it will cause Mrs. Politte to incur litigation expenses that would be avoided if the Ninth Circuit Court of Appeals would rule on the issues presented in her motion for summary judgment. (Doc. No. 174 at 4.) Mrs. Politte previously mentioned this argument in her reply to the motion to certify the order for interlocutory appeal. (Doc. No. 154 at 8.) In her motion to reconsider, Mrs. Politte bases this argument on Federal Rule of Civil Procedure 1. Specifically, Mrs. Politte argues that the determination of every action and proceeding should be just, speedy and inexpensive. (Doc. No. 174 at 4.) This argument could have reasonably been raised earlier in the litigation. Mrs. Politte simply may not utilize her motion for reconsideration as a "second bite at the apple." *See Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. However, considering the merits of the argument, Mrs. Politte offers no case law for her position that the costs she will incur is a reason to certify

this Court's Order denying her motion for summary judgment. As the Court has previously outlined in its Order denying the motion to certify an order for interlocutory appeal, the Court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 2002). While the Court appreciates the cost of litigation, the expenses Mrs. Politte may incur is not a persuasive factor to certify an order for interlocutory appeal.

Second, Mrs. Politte reiterates her same argument stating Federal Rule Civil Procedure Rule 13(a) is a separate and distinct issue from other claims and defenses raised in this litigation. Whether or not that is true, that argument does not change the Court's finding that immediate appeal would not materially advance the litigation's end nor is there substantial ground for difference of opinion on the question of whether the Government's claims were compulsory counterclaims in the previous litigation.

Third, Mrs. Politte advances the same argument she has now presented in her motion for summary judgment, her motion for reconsideration of the order denying her summary judgment motion, and her motion to certify the order for interlocutory appeal. For the fourth time, the Court finds Mrs. Politte's case law unpersuasive and finds again that there is not substantial ground for a difference of opinion on the question of whether the Government's claims against Mrs. Politte were compulsory counterclaims. Mrs. Politte asserts that the Court did not consider *Aronson* in its order denying to certify the order for interlocutory appeal, that *Aronson* establishes a circuit split, and thus, a difference of opinion exists among jurists. (Doc. No. 174 at 8.) While the Court did not address *Aronson* in its Order denying to certify the order for interlocutory appeal, this case does not prove there is a circuit split or a difference of opinion. *See U.S. v. Aronson*, 617 F.2d 119, 121 (5th Cir. 1980). Furthermore, the Fifth Circuit Court of Appeals directly stated that it was not necessary for them to decide whether Congress intended that Rule 13(a) apply to claims by the Government for taxes. *Id.* Further, the Fifth Circuit reversed the district court's

holding that the Government's claim should have been asserted as a counterclaim in the refund suit. *Id.* The Fifth Circuit's conclusion is, therefore, the opposite of the outcome Mrs. Politte is seeking in this litigation. This Court did not make a mistake of law by stating that there is not substantial ground for a difference of opinion of whether the Government's claim against Mrs. Politte were compulsory counterclaims in the previous action.

Further, Mrs. Politte argues that she does not have to prove a circuit split, but rather she may prove that fair-minded jurists might reach differing conclusions. In *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), the Ninth Circuit held that "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." Mrs. Politte also filed a notice of supplemental authority in which she argues that *United States v. Widtfeldt*, 124 A.F.T.R. 2d 2019-5936, 2019 WL 4450693 (D. Nebr. Sept. 17, 2019) supports her position that res judicata applies in federal tax litigation, and thus again establishes that there is an issue present in which jurists might reach contradictory conclusions. In *Widtfeldt*, the United States argued that res judiciata applied after the tax court had rendered a final judgment on the merits. *Id.* at *2. The Court in *Widtfedlt* relies upon *Baptiste v. Comm'r of Internal Revenue*, 29 F.3d 433, 436 (8th Cir. 1994) in holding that res judicata applies to the field of federal taxation. *Id.* However, both *Baptiste* and *United States v. International Bldg. Co.*, 345 U.S. 502 (1953), which the Eighth Circuit cites to in *Baptiste*, involved previous decisions by the tax court. Here, that is simply not the case. A tax court has not decided any of these issues rather Mrs. Politte seeks to utilize res judicata to prevent the Government from asserting the current claims as they were allegedly compulsory counterclaims in the previous litigation. Accordingly, the Court finds the Nebraska District Court case unpersuasive in establishing that fair-minded jurists differ regarding the issue presented in this case and inapplicable to the current issue.

Furthermore, other district courts in the Ninth Circuit have reached the same conclusion as this Court. *See United States v. Gonzales for Estates of Gonzales*, No. 17-

01523 SBA, 2018 WL 3054886, at *5 n.3 (N.D. Cal. June 20, 2018); *Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044-LJO, 2000 WL 1728117, at *9 (E.D. Cal. Oct. 4, 2000). Mrs. Politte has failed to establish that a novel legal issue in which fair-minded jurists might reach contradictory conclusions has been established in this litigation. Therefore, the Court affirms its previous Order that there is no substantial ground for difference of opinion on the question of whether the Government's claims were compulsory counterclaims in the previous litigation.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant Joan M. Politte's motion to reconsider its order denying to certify its order granting in part and denying in part motions for summary judgment for interlocutory review.

**IT IS SO ORDERED**.

Dated: November 19, 2019

Hon. Anthony J. Battaglia
United States District Judge