RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JEREMY N. HENDON
CHRISTIAN MEJIA
JAMES PETRILA
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-2466 (v)
202-305-7548 (v)
202-307-6648 (v)
202-307-0054 (f)
Jeremy.Hendon@usdoj.gov
Christian.Mejia@usdoj.gov
James.Petrila@usdoj.gov

ROBERT S. BREWER, JR.
United States Attorney
Southern District of California
*Of Counsel*

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO | Case No.: 3:17-cv-515-AJB-WVG <br><br> **UNITED STATES' MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY PERTAINING TO THE DETERMINATION THAT ROBERT A. POLITTE AND JOAN M. POLITTE ARE ALTER EGOS OF RAJMP, INC.** |

```
 1    BANK, N.A.; PACIFIC WESTERN        )
      BANK; OUTFRONT MEDIA, INC.;        )
 2    HALLE PROPERTIES, L.L.C.;          )
      POFACO, INC.; COUNTY OF;           )
 3    SAN DIEGO; MIDAS REALTY            )
 4    CORPORATION; KELLY M.;             )
      POLITTE as the Personal            )
 5    Representative of the ESTATE OF    )
 6    ROBERT A. POLITTE; TED R.          )
      POLITTE as the Personal            )
 7    Representative of the ESTATE OF    )
 8    ROBERT A. POLITTE,                 )
                                         )
 9              Defendants.              )
10                                       )
      _____)
11
```

**DECLARATION OF COMPLIANCE**

Counsel for all parties participated in a conference call on January 31, 2020. The parties discussed the Court's prior alter ego rulings, the United States' objection to any discovery regarding Robert Politte and Joan Politte as alter egos of RAJMP, Inc. ("RAJMP"), and a possible protective order precluding such discovery since that issue has been decided. The parties could not come to an agreement and called the Court the same day. After holding an informal telephonic discovery conference, the Court ordered briefing on the issue.

**INTRODUCTION**

Despite this Court's prior decision in the original alter ego case finding Robert Politte and Joan Politte each to be an alter ego of RAJMP, which this Court reaffirmed by granting the United States' partial summary judgment on the same issue in this case, Defendants continue to burden plaintiff and non-parties with discovery regarding the alter ego issue. Contrary to Defendants' contention that they are raising different due process or jurisdictional arguments regarding the alter ego determination, they are really just seeking yet another bite at the apple and an end-run around this Court's rulings. This is confirmed by the fact that the written discovery Joan Politte recently issued to the United States in this case seeks the same discovery as was sought (and obtained) in the original alter ego case.

Based on preclusion principles, Defendants are barred from relitigating any facet of the alter ego determination, including due process or jurisdiction arguments. Defendants raised or could have raised all such arguments in the original alter ego case. Alternatively, the due process argument fails as a matter of law and thus discovery regarding it is irrelevant. Additionally, Defendants raised their jurisdiction argument in this case and the Court explicitly rejected it in granting the United States' partial summary judgment. Moreover, any reliance on purported equitable principles in 26 U.S.C. § 7403 to allow discovery about alter ego information is misplaced. The Polittes have been found liable for RAJMP's

1

federal taxes and thus are not non-liable third parties as is initially required for any equitable analysis under the Supreme Court's interpretation of Section 7403.

Accordingly, the Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) forbidding discovery on any topic regarding Robert Politte and Joan Politte as alter egos of RAJMP or the IRS's Notice of Federal Tax Lien ("NFTL") identifying Robert Politte or Joan Politte as an alter ego of RAJMP.[1]

## DISCUSSION

Upon a showing of good cause, a court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [an order] . . . forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(A) and (D). This Court has broad discretion to "decide when a protective order is appropriate and what degree of protection is required." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Parties are only allowed to conduct discovery that is relevant to their claims or defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, courts have held that discovery is irrelevant, and therefore not allowed, regarding dismissed or adjudicated claims or defenses. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978); *Andrich v. Ryan*, No. CV16-02734-PHX-GMS, 2017 WL 11424013, at *8 (D. Ariz. Dec. 11, 2017); *Head v. DistTech, LLC*, No. C16-1727 RSM, 2017 WL 1303982, at *1 (W.D. Wash. Apr. 7, 2017); *Kellogg Brown & Root Servs., Inc. v. United States*, 117 Fed. Cl. 1, 9

---

[1] To the extent Defendants raise arguments in their response not covered in this motion as to why discovery regarding alter ego is appropriate in this case, the United States respectfully requests the chance to respond since any such arguments were not raised on the January 31, 2020 conference call with the Court.

(2014) (citing *Act Now to Stop War & End Racism Coal. v. District of Columbia*, 286 F.R.D. 117, 131 n.7 (D. D.C. 2002)).  In addition, courts have found discovery regarding claims and defenses that are legally insufficient to be irrelevant and therefore also not allowed. *Wyant v. Nationstar Mortg. LLC*, No. CIV.A. 14-0422, 2015 WL 474323, at *2 (W.D. La. Feb. 4, 2015) (citing *Hawkins v. Cnty. Of Lincoln*, Civ. A. 10-5001, 2013 WL 414442, at *2 (D. Neb. Jan. 31, 2013)) ("If, however, a party does not have a viable claim on the theory of recovery that purports to support the need for the requested discovery, then the discovery is not relevant"); *Fields v. QSP, Inc.*, No. CV12-1238 CAS (PJWx), 2012 WL 2049528, *6 (C.D. Cal. June 4, 2012).

**I.  Discovery regarding the determination that Robert Politte and Joan Politte are alter egos of RAJMP is barred by principles of preclusion and is therefore irrelevant and not proportional to the needs of the case.**

First, Defendants continue to seek discovery in this case on an issue already decided by this Court- that is, whether the United States can collect against property of the Polittes in order to satisfy RAJMP's unpaid federal tax liabilities on the basis that they each are an alter ego of RAJMP.  At the Early Neutral Evaluation in this case, the parties agreed to brief certain issues in an effort to narrow issues for discovery and save costs, and to make this litigation more efficient.  To that end, the United States' moved for summary judgment on Count II seeking a ruling that this Court's prior ruling in *Politte v. United States*, No. 07-cv-1950-AJB-WVG ("original alter ego case") conclusively established that Robert Politte and Joan Politte are each an alter ego of RAJMP and each are liable for the entire amount of RAJMP's tax liability.  The motion was based on preclusion principles and the intent was that if granted, Joan Politte and the Co-Personal Representatives of the Estate of Robert Politte ("Estate") would be barred from seeking discovery about, or challenging, any facet of the alter ego determination in this case.  On November 13, 2018, the Court entered its Amended

3

Order Granting United States' Motion for Partial Summary Judgment (ECF No. 146, PageID 1723-25). In that decision, the Court stated that "[t]he issue of alter ego here is identical to the issue of alter ego that was decided in the previous litigation." *Id*. at PageID 1723.

      Second, Defendants' attempts to couch the issue as *new*, because their discovery allegedly involves issues concerning the *process* of the alter ego determination, are unpersuasive. It is undisputed that there was only one IRS determination that the Polittes are each alter egos of RAJMP and thus one notice of lien[2] based on that determination. As this Court found in granting the United States partial summary judgment on Count II, the Court's ruling in the original alter ego case applies to all of the Polittes' property and not just to the specific property at issue in the original alter ego case. *Id*. at PageID 1725-26. Thus, there are not separate administrative determinations regarding the Polittes' alter ego status and therefore not separate attempts to challenge that determination. It was all done at one time and all arguments regarding the alter ego determination, substantive and procedural, could and should have been raised at that time. Because Defendants' "new" procedural due process argument regarding the alter ego determination was also challengeable in the original alter ego case involving the same issue (*i.e.* the validity of the IRS's alter ego determination), Defendants are barred from raising it here. *See, e.g. Damascus v. Office of Attorney General for State of California*, No. C95-20073 RMW (EAI), 1995 WL 261414, at *4

---

[2] The filing of a NFTL identifying someone (here the Polittes) as the alter ego of a taxpayer (here RAJMP) is done to make other creditors or lienholders with respect to the Polittes' property aware that the United States intends to collect RAJMP's tax liability from the Polittes' property as required under 26 U.S.C § 6323. It is called a notice of lien because the actual lien is the tax lien against RAJMP to collect RAJMP's tax liabilities and the alter ego determination is simply a theory of collection.

4

(N.D. Cal. May 2, 1995) (finding preclusion applied to bar a "new" procedural due process claim plaintiff wanted to raise because there had been a prior state administrative proceeding involving a disciplinary action against plaintiff wherein plaintiff could have raised his due process concerns).

Indeed, the original alter ego case actually involved not only challenges to the substantive question as to whether the Polittes are each an alter ego of RAJMP, but also numerous challenges to the procedure utilized by the IRS in asserting the alter ego theory of collection against the Polittes. The following non-exhaustive list shows the many times counsel for Robert Politte and Joan Politte raised arguments or claims regarding process and procedure pertaining to the alter ego determination in the original alter ego case:

- In all versions of the Polittes' complaint, the Polittes asserted as part of their "refund" claim under 26 U.S.C. § 7426(a)(4) that the alter ego liens were "baseless, illegal, invalid and unenforceable" (attached as Ex. 1 are copies of the four versions of the complaint);
- In all versions of the Polittes' complaint, the Polittes included a second claim seeking damages for unlawful collection pursuant to 26 U.S.C. § 7433 and/or 26 U.S.C. § 7426(h), but contending in various versions that the IRS violated or disregarded several Internal Revenue Code provisions, Treasury Regulations, the IRS's own internal policies and procedures, as well as the Fourth Amendment to the United States Constitution. Attached to the Third Amended Complaint (as Exhibit C to that document) is the Polittes' administrative claim for damages. In this document, the Polittes assert in part that the IRS violated 26 U.S.C. §§ 6321 and 6331 as well as the Fourth Amendment, that the IRS revenue officer failed to request the advice of, and obtain written approval from, IRS counsel, and that the Polittes were not provided with notice (*see* Ex 1 attached to this motion, pp. 128-31)— these are process and procedure arguments;
- In the Polittes' Motion for Partial Summary Judgment as to the Alter Ego Tax Liens, the Polittes argued in part that the IRS failed to provide them with notice and demand and therefore the alter ego liens were not enforceable (Ex 2, pp. 167-69) and that the IRS could not assert that the Polittes are alter egos of RAJMP because under

5

>  California law, it would have to be RAJMP as the alter ego of the Polittes and thus since the IRS identified it incorrectly on the NFTL, the NFTL was not enforceable (*id*. at 169-73);
> - This Court rejected the Polittes' arguments in its Order: Denying Plaintiffs' Motion for Partial Summary Judgment (Ex 3, pp. 205-08);
> - In its Order (1) Granting in Part and Denying in Part Defendant's Motion to Strike and (2) Denying as Moot Defendant's Motion to Clarify, the Court notes that the Polittes dropped their claim for damages based on various procedural and constitutional grounds–however, this proves that the Polittes did assert them in the original alter ego case (Ex 4, p. 215).

Moreover, the Polittes had a full and fair opportunity to challenge the IRS's alter ego determination. For instance, the IRS offers individuals against whom the IRS files a Notice of Federal Tax Lien identifying them as an alter ego the opportunity for an administrative appeal within the IRS. *See* Treas. Reg. § 301.6320-1(b)(2)- Q&A-B5 (providing for an administrative hearing before IRS Appeals under its Collection Appeals Program ("CAP")). Here, it is undisputed that the Polittes availed themselves of this opportunity regarding the IRS's alter ego determination. Although individuals have no independent right to judicial review of a CAP determination (*see Pragasam v. Comm'r*, 239 Fed.Appx. 325 (9th Cir. 2007)), they have other opportunities to contest an IRS alter ego determination against them. For example, they could file a quiet title action under 28 U.S.C. § 2410 to have the NFTL identifying them as an alter ego removed which would not require them to sell or otherwise dispose of the property first. They could also seek a certificate of discharge of the lien under 26 U.S.C. § 6325(b)(4) and, if they want to challenge the alter ego determination, bring a claim for a refund of the monies deposited pursuant to Section 6325(b)(4) in an action under 26 U.S.C. § 7426(a)(4). This is precisely what the Polittes did in the original alter ego case.

On the other hand, if they did not avail themselves of these options, they could challenge the alter ego determination in a case where the United States seeks to foreclose the federal tax liens against their property and sell the property. That

would be occurring in this case, but because the Polittes already brought an action under Section 7426(a)(4) that involved their challenge to the IRS's alter ego determination, they do not get a second chance here. Nor should they be entitled to discovery on this issue.

Furthermore, to the extent that Defendants complain that due process requires that they have the opportunity to challenge a NFTL identifying them as an alter ego before such a NFTL is filed, that argument has been rejected. *Little Italy Oceanside Investments, LLC v. United States*, No. 14-cv-10217, at *7-9, 2015 WL 4878247 (E.D. Mich. Aug. 14, 2015); *see also Whitcombe v. U.S. Dept. of Treasury*, 922 F.2d 846 (9th Cir. 1991) (citing *Commissioner v. Shapiro*, 424 U.S. 614, 630 n.12 (1976); *Bob Jones Univ v. United States*, 416 U.S. 725, 746-48 (1974) ("A post-deprivation hearing in a tax collection matter is sufficient to meet minimum due process requirements."). Because Defendants' due process argument as justification for discovery regarding alter ego information (both procedural and substantive) is based on a theory that is legally insufficient, the discovery is irrelevant and should not be allowed.[3] *See Wyant*, 2015 WL 474323, at *2; *Hawkins*, 2013 WL 414442 at *2; *Fields*, 2012 WL 2049528 at *6.

Lastly, the written discovery Joan Politte has issued to the United States further evidences that the Polittes seek to re-litigate an issue that has already been decided. In particular, the written discovery in this case seeks identical information that the written discovery the Polittes issued to the United States in the original alter ego case sought. Attached as Ex 5 is a true and correct copy of Plaintiffs First Set of Interrogatories to the United States in the original alter ego

---

[3] Since the discovery is irrelevant, it also would cause an undue burden and expense for the United States to have to respond to it or require a witness to be deposed about it, and it also would not be proportional to the needs of this case.

7

case ("Original Rogs") and attached as Ex 6 is a true and correct copy of Defendant Joan Politte's First Set of Interrogatories to Plaintiff United States of America in this case ("Current Rogs").  Interrogatory Nos. 1-6 and 15 of the Current Rogs seek the exact same information as Interrogatory Nos. 2-9 of the Original Rogs.[4]  This demonstrates that Defendants in this case are seeking duplicative discovery on the alter ego issue that not only has already been provided, but is now irrelevant to any pending issue in this case.

Without the protective order, Defendants will continue to issue discovery, and ask questions at depositions, about the alter ego determination that only seek to waste time and increase costs on an issue that has been conclusively determined.

**II.     This Court has already rejected Defendants' proposed jurisdictional argument and thus discovery regarding it should not be allowed.**

Defendants have stated that another argument they intend to raise regarding the alter ego determination is that this Court, and in fact all United States federal courts, lack jurisdiction to enter orders granting a state alter ego remedy. Defendants raised this exact argument in Joan Politte's Memorandum of Points and Authorities in Opposition to the United States' Motion for Partial Summary Judgment on Count II. *See* ECF No. 125, PageID 1452-56.  This Court explicitly rejected this argument in its Amended Order Granting United States' Motion for Partial Summary Judgment.  *See* ECF No. 146, PageID 1724-25.  Accordingly, discovery regarding this argument is no longer appropriate.

**III.    Defendants' argument that alter ego discovery is relevant to equitable considerations under 26 U.S.C. § 7403 is wrong as a matter of law and is therefore irrelevant and not proportional to the needs of this case.**

Defendants have also asserted that discovery regarding alter ego matters

---

[4] Joan Politte also issued Requests for Admission to the United States in this case wherein Request Nos. 10-15 similarly ask about alter ego issues.

might be relevant to an argument regarding equitable considerations under 26 U.S.C. § 7403. However, Defendants' reliance on any equitable consideration required to be considered by the Court under Section 7403 is misplaced.

Section 7403(a) and (c) authorize a federal court to adjudicate all matters and finally determine the merits of all claims and liens upon property against which the United States seeks to enforce a federal tax lien. Section 7403(c) provides that after adjudicating all matters and finally determining the merits of all claims and liens upon the property, the court may order or decree a sale of such property. Thus Section 7403 itself does not provide for the court to make any equitable determinations or considerations.

The Supreme Court has determined that Section 7403 provides courts with limited equitable discretion in determining whether to order the sale of property to satisfy delinquent federal tax liabilities. *United States v. Rodgers*, 461 U.S. 677, 680 (1983); *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987). Any such discretion "should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Rodgers*, 461 U.S. at 711.

This *Rodgers* limited discretion analysis applies, however, only if the owner of the property at issue is not liable for the delinquent tax. *Rodgers*, 461 U.S. at 709 ("[w]e can think of virtually no circumstances, for example, in which it would be permissible to refuse to authorize a sale to simply protect the interests of the delinquent taxpayer himself or herself"); *United States v. McGrew*, No. CV14-02647-RASX, 2014 WL 7877053, at *9 (C.D. Cal. Dec. 19, 2014), *aff'd*, 669 F. App'x 831 (9th Cir. 2016). Here, because of the alter ego rulings, Robert Politte and Joan Politte have been determined to be liable for RAJMP's taxes. As such, the *Rodgers* limited discretion analysis does not apply and discovery on this issue is therefore irrelevant, burdensome, and not proportional to the needs of the case.

Even if the *Rodgers* limited discretion analysis were to apply here, courts

9

have used that discretion to determine not to order a sale of the property at issue a limited number of times and only where the property at issue is a residence owned jointly by spouses, but only one spouse is liable for the taxes, and the non-liable spouse has lived at the residence for years and is being forced to move. *See, e.g. United States v. Johns*, No. 3:05-cv-308/RV/MD, 2006 WL 3086869, at *5-7 (N.D. Fla. Oct. 27, 2006); *United States v. Johnson*, 943 F. Supp. 1331, 1333-35 (D. Kan. 1996); *United States v. Jensen*, 785 F. Supp. 922, 925 (D. Utah 1992); *United States v. Jones*, 877 F. Supp. 907, 917-20 (D. N.J. 1995). That is not the situation here as not only are Robert Politte and Joan Politte each a liable party, but it is undisputed that Joan Politte resides in Colorado, Robert Politte is deceased, and the nine parcels of real property are commercial properties or vacant lots in the San Diego area. Thus, none of the properties at issue involves the Polittes' residence. Therefore, any discovery regarding the Court's discretion to not order foreclosure of any of the nine properties at issue under Section 7403 is irrelevant to this case. As such, this argument cannot support Defendants' request for discovery regarding alter ego issues.

## CONCLUSION

Based on the foregoing reasons, the Court should grant the United States' Motion for a Protective Order and order that written and deposition discovery pertaining to all aspects of the alter ego determination that Robert Politte and Joan Politte are each an alter ego of RAJMP is prohibited.

Dated: February 7, 2020.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Jeremy N. Hendon*
JEREMY N. HENDON
CHRISTIAN MEJIA
JAMES PETRILA
Trial Attorneys, Tax Division
U.S. Department of Justice

10