Kelly M. Politte, *pro hac vice*
Colorado Bar No. 40402
Politte Law Offices, LLC
700 N. Colorado Blvd., #182
Denver, CO 80206
Tel: (303) 261-8044

Alexandra Eaker Pérez
California Bar No. 265318
Eaker Pérez Tax Law
925 B Street, STE 605
San Diego, CA 92101
Tel: (619) 348-5944

*Attorneys for Kelly M. Politte as the Personal Representative of the Estate of Robert A. Politte and Ted R. Politte as the Personal Representative of the Estate of Robert A. Politte*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO BANK, N.A.; PACIFIC WESTERN BANK; OUTFRONT MEDIA, INC.; HALLE PROPERTIES, L.L.C.; POFACO, INC.; COUNTY OF SAN DIEGO; MIDAS REALTY CORPORATION; KELLY M. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE; TED R. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE,<br><br>Defendants. | **Case No. 17-CV-00515-AJB-WVG**<br><br>**RESPONSE TO UNITED STATES' MOTION TO USE DEPOSITIONS FROM PRIOR ACTIONS AS IF TAKEN IN THIS ACTION BY DEFENDANTS KELLY M. POLITTE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE AND TED R. POLITTE AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE** |

Defendants Kelly M. Politte as Personal Representative of the Estate of Robert A. Politte and Ted R. Politte as Personal Representative of the Estate of Robert A. Politte (collectively, the "Co-Personal Representatives"), by and through counsel, submit this Response to United States' Motion to Use Depositions from Prior Actions as if Taken in This Action.

In support thereof, the Co-Personal Representatives state as follows:

## INTRODUCTION

The United States seeks what amounts to a broad advisory opinion by this Court that it can "use" certain prior depositions in other litigation in this action. The request does not specify which depositions it wants to use, how it wants to use them, or what discovery it wants to allow or disallow as a result of this motion. Instead, the United States opines that, if this motion were granted, "Plaintiff would have confidence that the prior depositions of unavailable witnesses could be used under Federal Rule of Civil Procedure 32(a)(4) . . . ." As important as the emotional well-being of government counsel may be, the Court and the parties would be better served by ruling on actual controversies as they arise. Accordingly, the United States' Motion should be denied for three reasons. First, it is unripe. Second, it appears calculated to disrupt the limitations placed on discovery agreed upon by the parties. Third, the government's decontextualized assertions of identity as to issues and parties are inaccurate.

In addition to the following, the Co-Personal Representatives incorporate the arguments made in Joan Politte's Memorandum of Points & Authorities in Opposition to the United States' Motion to Use Depositions From Prior Actions (ECF No. 216), filed in this action.

# ARGUMENT

1. *The Motion is Unripe.*

For common-sense reasons, courts tend to limit their decisions to those which resolve live disputes and present controversies. Indeed, the Rules of Civil Procedure and Rules of Evidence are crafted with this in mind. For example, Fed. R. Civ. P. 26(c) allows the Court to enter orders *limiting* discovery where circumstances dictate such discovery will be oppressive, expensive, or unnecessary. Fed. R. Ev. 804(b)(1) sets forth a number of considerations when prior testimony may be admitted as an exception to the hearsay rule, and the Court allows the parties to submit motions *in limine* to resolve specific, contested evidentiary issues to streamline the presentation of witnesses and exhibits before a jury. The United States here seeks nothing of the sort. It acknowledges that it does not seek any limitations on either side's depositions, but simply seeks the Court's reassurance that, if a contested evidentiary issue arises in the future, the United States will be successful.

The government cites no authority in which a request of this breadth framed at this level of abstraction was granted. To the contrary, the cases upon which the government relies were all substantially more limited in scope. *See Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982) (proponent of evidence sought admission of a specific deposition of a specific official to aid claim of employment discrimination); *Illinois Tool Works, Inc. v. MOC Prod. Co.*, No. 09-CV-1887 JLS MDD, 2012 WL 3561984, at * 4 (S.D. Cal. Aug. 17, 2012) (deciding a pretrial motion in limine which identified a specific deposition and a specific use)*; Brighton Collectibles, Inc. v. Coldwater Creek Inc.*, No. 06-CV-01848-H (POR), 2009 WL 10671818, at *8 (S.D. Cal. Apr. 22, 2009) (adjudicating a Fed. R. Civ. P. 59 motion for new trial challenging

admission of prior deposition testimony by a specifically identified expert witness).

If, as this case develops, the government asks to "use" a particular deposition in a particular way, Defendants can meaningfully respond, and this Court can reach a reasoned conclusion. As it is now though, the government is attempting to convert federal motions practice into a forum to resolve a rudderless set of talking points. The result is an inefficient use of the Court's time and the parties' resources. (*See, e.g.*, Mot. at 4, n. 2 (adding editorial observations which are "not directly related to this motion")); *see also Maxus Liquidating Trust v. YPF, et al.*, Nos. 18-50489, 16-11501, 2019 WL 2581609, *2 (Bkrtcy. D. Del. June 24, 2019) (held that request to use depositions was unripe and premature where defendants had not informed the other party or court which depositions they were seeking to use, whether the deponents are unavailable to be re-deposed, or indicated which portions of the deposition transcripts they would like to use).

2. <u>The Motion is an attempt to subvert the discovery limitations.</u>

Depositions in this case are presumptively limited to ten per side under Fed. R. Civ. P. 30. The government has not attempted to depose *any* witnesses yet, nor has it engaged in any meaningful conferral with Defense counsel regarding which witnesses it plans to depose and when.[1] The government now asserts that, unless buoyed by the assurance that the Court would side with it on future potential evidentiary disputes, it *may* need more than the ten depositions it requested.[2] This assertion is ludicrous. The

---

[1] The government has proposed taking the deposition of only one non-party witness, which it only did a week before the call with the Court on January 31st.

[2] The government only notified Defendants that it believed it might want to take 13 or 14 depositions in this matter when the parties conferred a mere matter of minutes before the call to the Court clerk on January 31st and, Defense counsel indicated they

3
CO-PERSONAL REPRESENTATIVES' RESPONSE TO UNITED STATES' MOTION TO USE DEPOSITIONS
FROM PRIOR ACTIONS AS IF TAKEN IN THIS ACTION                                    17cv00515-AJB-WVG

individuals identified in Defendant's initial Fed. R. Civ. P. 26(a)(1) disclosures have been known to the government for almost 15 years.[3]

Before the government requests even more depositions, it would be well-served to try to take the depositions it has been allotted. The contingent possibility that the government *might* want to depose someone and *might* not be able to without a modification of the presumptive limits does not justify granting the advisory relief requested here. Instead, faced with a dilemma it has in common with every single civil litigant in federal court, the government can exercise its own judgment in building its case.

3.   *The factual predicates for the Motion are not true.*

Finally, the government asserts its requested relief is consistent with Fed. R. Civ. P. 32(a)(8) because this action involves the same parties and subject matter as the prior actions. (Mot. at 6–10). These assertions are unsound. Indeed, the government's blanket assertion in this motion that the instant case involves the same issues as the Alter Ego Action contradicts its assertions elsewhere that the alter-ego determinations are no longer at issue (*see* United States' Motion for Protective Order Regarding Discovery Pertaining to the Determination that Robert A. Politte and Joan M. Politte are Alter Egos of RAJMP, Inc., ECF No. 211), that the claims in this action "do not 'logically relate' to the claims at issue in the alter ego case" (Response to Joan Politte's Motion for Summary Judgment, p. 4, PageID.1114, ECF No. 122), and that Defendants "could not[]

---

were amenable to discussing modifications to the Rule 30 limits to allow 13 or 14 depositions for both sides.

[3] Indeed, the government identified a majority of the same persons identified by Defendants in this case in the government's own disclosures in the Alter Ego Action in which the government listed 37 potential witnesses (more than the 31 the Defendants listed which the government is now complaining about), none of which were experts.

challenge the underlying tax liabilities themselves" in the previous action (*id.* at p. 3, PageID.1113).

With respect to the TFRP Action, the government's blanket assertion contradicts the pleadings and other documents filed by and positions asserted by the government in the TFRP Action. For instance, the government admitted to allegations in the operating complaints in the TFRP Action that the TFRP Action involves claims brought relative to assessments made against Robert Politte and Joan Politte under 26 U.S.C. § 6672 (*see, e.g.*, United States' Answer to First Amended Complaint Filed by Robert Politte and Counterclaim Complaint, pp. 1-2, TFRP Action, ECF No. 26), and asserted that its counterclaim in that action was made to reduce to judgment assessments made pursuant to 26 U.S.C. § 6672 (*see id.* at p. 9; *see also* Proposed Scheduling Order, p. 6, TFRP Action, ECF. No. 27 (government states that its claims and defenses in the TFRP Action concerns "federal tax assessments . . . against Robert Politte and Joan Politte pursuant to 26 U.S.C. § 6672")), whereas in the present case the government is seeking to reduce assessments made against RAJMP (and not Robert Politte or Joan Politte) to judgment pursuant to completely different sections of the Internal Revenue Code to judgment (*see* First Amended Complaint, p. 32, PageID.636, ECF No. 79).

## CONCLUSION

WHEREFORE, this Court should DENY the United States' Motion to Use Depositions from Prior Actions as if Taken in This Action.

1  Respectfully submitted this 14th day of February, 2020.

2

3  /s/ Kelly M. Politte
   Kelly M. Politte, *pro hac vice*
4  Politte Law Offices, LLC
   700 N. Colorado Blvd., #182
5  Denver, CO 80206
   Tel: (303) 261-8044
6  Email: kpolitte@polittelaw.com

7
   *Attorney for Kelly M. Politte as the*
8  *Personal Representative of the Estate of*
   *Robert A. Politte and Ted R. Politte as the*
9  *Personal Representative of the Estate of*
   *Robert A. Politte*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the **RESPONSE TO UNITED STATES' MOTION TO USE DEPOSITIONS FROM PRIOR ACTIONS AS IF TAKEN IN THIS ACTION BY DEFENDANTS KELLY M. POLITTE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE AND TED R. POLITTE AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE** has been made this 14th day of February, 2020, via the Court's CM/ECF system to:

Jeremy N Hendon
U.S. Department of Justice, Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
Tel: (202)353-2466
Fax: (202)307-0054
Email: jeremy.hendon@usdoj.gov

Christian Mejia
U.S. Department of Justice, Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-7548
Fax: (202) 307-0054
Email: Christian.Mejia@usdoj.gov

James Petrila
U.S. Department of Justice, Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-6648
Fax: (202) 307-0054
Email: james.petrila@usdoj.gov

Larry D. Harvey
Larry D. Harvey PC
5290 DTC Parkway, Ste. 150
Englewood, CO 80111
Tel: (303) 220-7810
Fax: (303) 850-7115
Email: lharvey@ldhpc.com

| | |
|---|---|
| 1 | Robert A. McGuire |
| | Robert McGuire Law Firm |
| 2 | 113 Cherry Street PMB 86685 |
| | Seattle, WA 98104 |
| 3 | Tel/Fax: (253) 267-8530 |
| | E-mail: ram@lawram.com |
| 4 | |
| | David K Eldan |
| 5 | Parker Milliken Clark O'Hara & Samuelian |
| | 55 S Flower St 30th Fl |
| 6 | Los Angeles, CA 90071 |
| | Tel: (213) 683-6500 x520 |
| 7 | Fax: (213) 683-6669 |
| | Email: deldan@pmcos.com |
| 8 | |
| | Brian David Shaffer |
| 9 | Miller Starr Regalia |
| | 1331 North California Boulevard |
| 10 | Walnut Creek, CA 94596 |
| | Tel: (925) 935-9400 |
| 11 | Fax: (925) 933-4126 |
| | Email: brian.shaffer@msrlegal.com |
| 12 | |
| 13 | Walter J. De Lorrell, III |
| | Office of County Counsel, County of San Diego |
| 14 | 1600 Pacific Highway, Room 355 |
| | San Diego, CA 92101 |
| 15 | Tel: (619) 531-6295 |
| | Fax: (619) 531-6005 |
| 16 | Email: walter.delorrell@sdcounty.ca.gov |
| 17 | |
| | Edward Otho Crosap Ord |
| 18 | Ord & Norman |
| | 233 Sansome Street, Suite 1111 |
| 19 | San Francisco, CA 94104 |
| | Tel: (415) 274-3800 |
| 20 | Fax: (415) 274-3838 |
| | Email: ord@ordnorman.com |
| 21 | |
| 22 | |
| 23 | |
| 24 | |

1 | Cheng Zhang
2 | Ord & Norman
3 | 233 Sansome Street, Suite 1111
  | San Francisco, CA 94104
  | Tel: (415) 274-3800
4 | Fax: (415) 274-3838
  | Email: cheng@ordnorman.com

5

6                                              */s/ Kelly M. Politte*
7                                              Kelly M. Politte

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24