UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>RAJMP, INC., et al.,<br><br>                            Defendants. | Case No.: 17-CV-515-AJB-WVG<br><br>**ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |

On January 31, 2020, this Court convened a discovery conference concerning, in part, the dispute that gave rise to Defendant RAJMP, Inc.'s ("RAJMP") instant Motion for Protective Order. On February 12, 2020, RAJMP filed the Motion for Protective Order. (Doc. No. 214.) On February 19, 2020, the Government filed its Opposition to the Motion for Protective Order. (Doc. No. 220.) For the reasons set forth below, the Court DENIES the Motion without prejudice in its entirety.

In its Motion, RAJMP articulates two requests for this Court's consideration. First, RAJMP moves this Court to bar the Government from asserting 5 U.S.C. section 301 ("Housekeeping Statute") for any purpose, including, but not limited to, the issuance of testimonial authorizations prior to any IRS employee's deposition. RAJMP poses that, absent a protective order in place, the Government will misuse the Housekeeping Statute to block relevant witnesses, records, and information from discovery. To support its

1

position, RAJMP argues the Government may not avail itself of any discovery privileges the Housekeeping Statute affords because the Government is a party to this action. Second, RAJMP asks, at times rather opaquely, the Court to either (1) order counsel for the Government to affirmatively state whether it personally represents any IRS employees relevant to this litigation or (2) compel IRS counsel to personally appear for any forthcoming IRS employee depositions. The Government opposes RAJMP's Motion in its entirety and maintains the Motion is legally unsound and premature.

The Court does not reach the merits of RAJMP's instant Motion because it declines to "engage in the futile exercise of analyzing non-existent discovery disputes." *Watts v. Allstate Indem. Co.*, 2010 WL 4225561, at *2 (E.D. Cal. Oct. 20, 2010). RAJMP's Motion is not ripe for adjudication because it does not present any actual discovery dispute. Glaringly, the Motion fails to identify any current or former IRS employee RAJMP intends to depose, what information RAJMP seeks to obtain from any current or former IRS employee, or what documents RAJMP requests for production for purposes of any IRS employee's deposition. From there, based on nothing more than its own supposition, RAJMP argues the Government will, at some uncertain time in the future, assert the Housekeeping Statute to thwart RAJMP's undefined discovery efforts.

By exclusively premising its Motion on hypotheticals, RAJMP compounds the gross conjecture it engages in by forcing the Government to speculate regarding the scope of testimonial authorizations it may (or may not) require in the context of IRS employee depositions. The result of such motion practice is counsel's argument over legal theory to address unborn discovery disputes. In the absence of served subpoenas, notices of deposition, or written discovery requests, amongst other discovery devices, RAJMP does not present any existing discovery dispute necessitating this Court's intervention. For this reason alone, the Motion is premature and is dismissed without prejudice in its entirety.

Further, "the court will only rule on ripe, properly and narrowly presented issues which the parties have first attempted in good faith to resolve of their own accord." *Watts*, *supra*, 2010 WL 4225561, at *3. Although counsel for RAJMP averred in his declaration

that he "met and conferred with the U.S." (Doc. No. 214-2, 2:4), the Motion indicates that such efforts were not robust and certainly not exhaustive. The Motion's self-professed "all or nothing" position on a purely theoretical matter, all without indicating what particular witness, document, or information is at issue, gives this away. This Court's Civil Chambers Rule IV unequivocally requires counsel to "thoroughly meet and confer in good faith" and "proceed with due diligence in scheduling and conducting an appropriate meet and confer conference." Counsel clearly fell short of making this requisite effort given the dearth of facts upon which this so-called discovery dispute is based and RAJMP's requested relief. Indeed, the Motion's request to "avoid frustration, delay, and unnecessary motions to compel" (Doc. No. 214-1, 13:6-7) at some nebulous time in the future only cements there is no genuine discovery dispute before the Court, and counsel could not have conducted a meaningful meet and confer conference on the matter.

The Court is disturbed by RAJMP's blatant misuse of party and judicial resources to litigate a non-existent discovery dispute as well as its failure to comply with this Court's Civil Chambers Rules. At all times, compliance with all applicable rules is imperative, and deviations from such compliance will not be tolerated. The Court cautions counsel it is prepared to issue appropriate sanctions for any further violations, including, but not limited to, inaccurate and misleading citations to legal authority, as it discovered here in cite-checking RAJMP's instant Motion. Finally, the Court hereby ORDERS the Parties to refrain from filing any other motions relating to any issue, including, but not limited to, the issues raised in RAJMP's Motion for Protective Order, unless and until they can (1) identify the <u>particular</u> facts giving rise to an <u>actual</u> dispute; (2) articulate their opponent's refusal to reach an informal resolution or compromise; (3) engage in <u>exhaustive</u> meet and confer efforts; and (4) ensure compliance with <u>all</u> applicable rules and procedures. More immediately, and as aforementioned, RAJMP's Motion for Protective Order is DENIED

///

///

///

without prejudice in its entirety. **IT IS SO ORDERED**.

Dated: March 5, 2020

Hon. William V. Gallo
United States Magistrate Judge