UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO BANK, N.A.; PACIFIC WESTERN BANK; OUTFRONT MEDIA, INC.; HALLE PROPERTIES, L.L.C.; POFACO, INC.; COUNTY OF SAN DIEGO; MIDAS REALTY CORPORATION; KELLY M. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE; TED R. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE,<br><br>                         Defendants. | Case No.: 17-CV-515-AJB-DEB<br><br>**ORDER:**<br><br>**(1) OVERRULING RULE 72(a) OBJECTION TO ORDER ON UNITED STATES' MOTION TO USE DEPOSITIONS FROM PRIOR ACTIONS AS IF TAKEN IN THIS ACTION BY DEFENDANTS KELLY M. POLITTE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE AND TED R. POLITTE AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE;**<br><br>**(2) OVERRULING RAJMP, INC.'S RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDER [DOC. 224];**<br><br>**(3) OVERRULING RAJMP, INC.'S AMENDED RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING RAJMP, INC.'S MOTION FOR PROTECTIVE ORDER; AND** |

|   |   |
|---|---|
| 1 | **(4) OVERRULING DEFENDANT JOAN M. POLITTE'S RULE 72(a) OBJECTION TO MAGISTRATE'S ORDER** |
| 2 | |
| 3 | |
| 4 | (Doc. Nos. 230, 231, 232, 234) |

Pending before the Court are Rule 72(a) objection to Order on United States' motion to use depositions from prior actions as if taken in this action by Defendants Kelly M. Politte as personal representative of the Estate of Robert A. Politte and Ted R. Politte as the personal representative of the Estate of Robert A. Politte, (Doc. No. 230), RAJMP, Inc.'s Rule 72(a) objection to Magistrate Judge's Order, (Doc. No. 231), RAJMP, Inc.'s Rule 72(a) objection to Magistrate Judge's Order denying RAJMP, Inc.'s motion for protective order, (Doc. No. 232), and Defendant Joan M. Politte's Rule 72(a) objection to Magistrate's Order, (Doc. No. 234). The Court **OVERRULES** each of Defendants' objections.

## BACKGROUND

On March 5, 2020, Magistrate Judge Gallo issued an Order denying Defendant RAJMP's motion for protective order. (Doc. No. 223). RAJMP sought for the Court to bar the Government from asserting 5 U.S.C. § 301 ("Housekeeping Statute") for any purpose. Second, RAJMP asked the Court to either (1) order counsel for the Government to affirmatively state whether it personally represents any IRS employees relevant to this litigation or (2) compel IRS counsel to personally appear for any forthcoming IRS employee depositions. Magistrate Judge Gallo declined to reach the merits of RAJMP's motion as it was premature. (Doc. No. 223 at 2.) Magistrate Judge Gallo further ordered the parties to refrain from filing any other motions relating to any issue, including, but not limited to, the issues raised in RAJMP's motion for protective order, unless and until they can (1) identify the particular facts giving rise to an actual dispute; (2) articulate their

opponent's refusal to reach an informal resolution or compromise; (3) engage in exhaustive meet and confer efforts; and (4) ensure compliance with all applicable rules and procedures. (*Id.* at 3.) RAJMP filed an objection to this Order pursuant to Federal Rule of Civil Procedure 72(a). (Doc. No. 232.)

On March 12, 2020, Magistrate Judge Gallo issued an Order granting the United States' motion to use depositions from prior actions as if taken in this action. (Doc. No. 224.) Magistrate Judge Gallo found that the Government had satisfied both prongs of Federal Rule of Civil Procedure 38(a)(8). Accordingly, Magistrate Judge Gallo ordered that the parties may take the depositions of any witness previously deposed in the prior actions on subject matter that is relevant to this action and that was not already covered, in whole or in part, during the prior deposition(s). (Doc. No. 224 at 5.) Defendants filed objections to this Order pursuant to Federal Rule of Civil Procedure 72(a). (Doc. Nos. 230, 231, 234.)

## **LEGAL STANDARD**

A Magistrate Judge's discovery order may be modified or set aside if it is "clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a). The Magistrate Judge's factual determinations are reviewed for clear error and legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). The clear error standard allows the court to overturn a Magistrate Judge's factual determinations only if the court reaches a "definite and firm conviction that a mistake has been committed." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999) (citing *Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co.*, 130 F.R.D. 507 (D.D.C. 1990)).

When reviewing discovery disputes, however, "the Magistrate Judge is afforded broad discretion, which will be overruled only if abused." *Wright v. FBI*, 385 F. Supp. 2d 1038, 1041 (C.D. Cal. 2005); *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987) (questions of relevance in discovery context are reviewed under

1  "the clearly implicit standard of abuse of discretion.") Thus, in reviewing the Magistrate
2  Judge's determination of relevance in a discovery order, "the Court must review the
3  magistrate's order with an eye toward the broad standard of relevance in the discovery
4  context. The standard of review in most instances is not the explicit statutory language, but
5  the clearly implicit standard of abuse of discretion." *Geophysical Sys. Corp.*, 117 F.R.D. at
6  647. A court should not disturb the Magistrate Judge's relevance determination except
7  where it is based on "an erroneous conclusion of law or where the record contains no
8  evidence on which [the Magistrate Judge] rationally could have based that decision."
9  *Wolpin*, 189 F.R.D. at 422 (citation omitted).

## DISCUSSION

The Court will address each of the Defendants' objections to Magistrate Judge Gallo's Orders in turn.

A.  <u>RAJMP's Objection to Magistrate Judge Gallo's Order denying RAJMP's Motion for Protective Order</u>

RAJMP objects to Magistrate Judge Gallo's Order denying RAJMP's Motion for Protective Order on several grounds. (Doc. No. 232.) First, it objects to the finding that its motion was premature. (Doc. No. 231-1 at 2–5.) Next, RAJMP objects to the finding that there was a lack of good faith on the part of RAJMP in engaging in its meet and confer efforts. (*Id.* at 5–6.) RAJMP also objects to the finding that RAJMP engaged in blatant misuse of party and judicial resources and that counsel used inaccurate and misleading citations to legal authority. (*Id.* at 6.) Additionally, RAJMP objects to Magistrate Judge Gallo ordering the parties to refrain from filing any other motions until certain conditions are met. (*Id.* at 6–8.) Lastly, RAJMP objects to part of the Magistrate Judge Gallo's Order of February 12, 2020 requiring personal appearances before the Court in light of COVID-19. (*Id.* at 8–9.)

RAJMP argues the merits of its discovery dispute regarding the Housekeeping Statute. However, Magistrate Judge Gallo specifically stated that the motion failed to identify any current or former IRS employee RAJMP intends to depose, what information

RAJMP seeks to obtain from any current or former IRS employee, or what documents RAJMP requests for production for purposes of any IRS employee's deposition. RAJMP again fails to identify any of this information. RAJMP has not taken a single deposition in this case. Magistrate Judge Gallo correctly determined that this was a hypothetical that the Court did not need to engage in. The merits of its discovery dispute regarding the Housekeeping Statute, thus do not need to be determined by this Court because the motion is premature.

RAJMP argues that the fact that the Housekeeping Statute was asserted in prior related litigations that the Court has now allowed those deposition transcripts to be used under Federal Rule of Civil Procedure 32(a)(8) is "fatal" to the Court's finding that RAJMP's motion is premature. RAJMP asserts that these objections are now deemed to have occurred in this action. However, RAJMP has not identified any specific examples of the objection being used in the prior litigation, and how that will be used in this litigation. Again, this motion is premature.

Magistrate Judge Gallo found that RAJMP did not engage in robust and exhaustive meet and confer efforts. RAJMP objects to this finding. However, the Court agrees. RAJMP did send emails and letters to the Government. However, these letters and emails consisted of an all or nothing position. This could not have given rise to meaningful meet and confer efforts. Further, it is not clear whether Magistrate Judge Gallo found that there was an absence of good faith, but rather Magistrate Judge Gallo found that counsel fell short of making this requisite effort.

Magistrate Judge Gallo also explained that the "Court is disturbed by RAJMP's blatant misuse of party and judicial resources to litigate a non-existent discovery dispute as well as its failure to comply with this Court's Civil Chambers Rules." (Doc. No. 223 at 3.) RAJMP objects to this finding as well. However, by filing a hypothetical discovery dispute RAJMP did in fact misuse party and judicial resources to litigate a non-existent discovery dispute.

Magistrate Judge Gallo's Order also states that the parties are to engage in several

1 conditions prior to filing any other motions. (Doc. No. 223 at 3.) RAJMP objects to these
2 requirements and state that this is a violation of its constitutional rights to access the court.
3 (Doc. No. 232-1 at 7.) However, Magistrate Judge Gallo already lists these requirements
4 in different form in his Chambers' Rules. This is not contrary to law or clearly erroneous.
5 *See Stoba v. Saveology.com, LLC*, No. 13-CV-02925-BAS (NLS), 2015 WL 5040024, at
6 *6 (S.D. Cal. Aug. 26, 2015). Furthermore, these conditions simply do not infringe on
7 RAJMP's constitutional rights. Additionally, courts have the inherent power to manage
8 their own dockets. *See Wise v. Nordell*, No. 12-CV-1209-GPC-AGS, 2018 WL 3546465,
9 at *1 (S.D. Cal. July 24, 2018) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992)).
10 Furthermore, the Court has the power to impose sanctions for failure to follow all
11 applicable rules.

12       Lastly, RAJMP objects to Magistrate Judge Gallo's Order of February 12, 2020 for
13 requiring all personal appearances before the court in the event of any future discovery
14 motions because of the threat of COVID-19. (Doc. No. 232-1.) Since February 12, 2020,
15 the pandemic of COVID-19 has caused a shut-down and now a slow reopening. At the
16 discretion of Magistrate Judge Butcher, who now presides over this matter, the Court
17 recommends that telephonic appearances be utilized during the course of the pandemic.

18 **B.**    <u>Defendants' Objections to Magistrate Judge Gallo's Order granting the United
19         States' Motion to Use Depositions from Prior Actions as if taken in this Action</u>

20       First, Defendants Kelly M. Politte as Personal Representative of the Estate of Robert
21 A. Politte and Ted R. Politte as Personal Representative of the Estate of Robert A. Politte
22 jointly object to Magistrate Judge Gallo's Order granting the United States' Motion to Use
23 Depositions from Prior Actions as if taken in this Action. (Doc. No. 230.) Defendants Kelly
24 M. Politte and Ted R. Politte's sole objection is that the Order does not address the
25 argument that the Government's motion is unripe. They assert that a multitude of questions
26 remain such as: which witness, or potential witness does the Government's motion apply
27 to; which deposition in which prior action does the Government wish to use; will that
28 witness or potential witness be deposed in the instant case; is the use of prior deposition

testimony needed or necessary. (Doc. No. 230-1 at 3–4.)

Magistrate Judge Gallo's Order is very narrow. It allows for the use of testimony from the prior action for use in this action. Further, the parties may take depositions of the prior deposed people and explore new grounds or other information. Magistrate Judge Gallo's Order does not entirely bind the parties to what previous counsel addressed. This Order applies to both parties equally that they may both utilize testimony from the prior action. Thus, Defendants Kelly M. Politte and Ted R. Politte's argument that the Government has failed to identify which depositions they wish to use does not make this motion unripe.

RAJMP objects to Magistrate Judge Gallo's Order on the grounds that the subject matter in this action against RAJMP is 100% dissimilar and new, RAJMP was not a party in the prior litigations, the Order does not serve the goals of fairness and efficiency, additional conditions violates RAJMP's constitutional right to access the court, and this Order is in conflict with Magistrate Judge Gallo's Order denying RAJMP's motion for protective order. (*See generally* Doc. No. 231-1.)

First, RAJMP's objection that subject matter is 100% dissimilar in the instant action and has no overlap and zero similarity with the previous actions is not credible. As this Court is well aware, there is similarity between the instant action and the prior actions. Magistrate Judge Gallo correctly held that "[o]nly a substantial identity of issues" is required. *See Hub v. Sun Valley*, 682 F.2d 776, 778 (9th Cir. 1982). Magistrate Judge Gallo clearly explained that there is substantial overlap. This finding is not clearly erroneous or contrary to law.

Second, RAJMP objects because the same parties were not involved in the prior actions because RAJMP was not a party. However, RAJMP does not address the fact that Joan A. Politte and Robert A. Politte were both parties to the two prior actions and were found to be the alter egos of RAJMP. Magistrate Judge Gallo stated that Robert and Joan Politte were RAJMP and RAJMP was Robert and Joan Politte. RAJMP objection does not

show how this finding was clearly erroneous or contrary to law.[1]

Lastly, RAJMP objects that this Order violates the fact that RAJMP should be allowed new discovery and discovery rights, and the extra conditions violate RAJMP's constitutional rights to court. However, Magistrate Judge Gallo's Order does not preclude the parties from deposing a witness. Rather, this Order allows the parties take the deposition of any witness on subject matter that is relevant to this Action and that was not already covered in whole or in part during the prior depositions. This does not limit RAJMP's access to the Court, and it does allow RAJMP with new discovery and discovery rights.

Next, Defendant Joan M. Politte objects on several grounds to Magistrate Judge Gallo's Order. (*See generally* Doc. No. 234.) However, the objections all revolve around the fact that she is dissatisfied with the Court's finding that she is the alter-ego of RAJMP. Joan Politte objects stating that the summary judgment order holding that Joan and Robert Politte were the alter-ego of RAJMP applies to this case should be overturned. Joan Politte has advanced this argument several times now, and each time the Court has rejected this argument. Joan Politte is seeking discovery on an issue the Court has already held she is estopped from challenging. Accordingly, discovery on the alter-ego issue is irrelevant, and not allowed. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978). The Court will not address Joan Politte's argument that the Court's ruling on this issue is incorrect for the umpteenth time. These arguments were already rejected by the Court; accordingly, Magistrate Judge Gallo's Order is not clearly erroneous or contrary to law.

/ / /

/ / /

/ / /

---

[1] RAJMP also objects to the Court stating that Defendants do not cite legal authority in support of their Opposition to the same party issue. RAJMP states that the Court is required to use all of its own resources to do research and other relevant precedents prior to making a decision. However, the Court is not required to establish RAJMP's argument for it. Accordingly, this objection is unfounded.

## CONCLUSION

Based on the foregoing, the Court **OVERRULES** each of Defendants' Objections to Magistrate Judge Gallo's Orders.

**IT IS SO ORDERED**.

Dated: August 25, 2020

*/s/ Battaglia*
Hon. Anthony J. Battaglia
United States District Judge