UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>RAJMP, INC.; JOAN M. POLITTE; MERRILL LYNCH BUSINESS FINANCIAL SERVICES, INC.; CHICAGO TITLE COMPANY; TBC CORPORATION; SC TELECOM, LLC; WELLS FARGO BANK, N.A.; PACIFIC WESTERN BANK; OUTFRONT MEDIA, INC.; HALLE PROPERTIES, L.L.C.; POFACO, INC.; COUNTY OF SAN DIEGO; MIDAS REALTY CORPORATION; KELLY M. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE; TED R. POLITTE as the Personal Representative of the ESTATE OF ROBERT A. POLITTE,<br><br>                              Defendants. | Case No.: 17-CV-515-AJB-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT RAJMP, INC.'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER TO PLAINTIFF THE UNITED STATES OF AMERICA'S FIRST AMENDED COMPLAINT;**<br><br>**(2) GRANTING JOAN M. POLITTE'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT; AND**<br><br>**(3) GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS KELLY M. POLITTE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE AND TED R. POLITTE AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT A. POLITTE**<br><br>(Doc. Nos. 176, 179, 185) |

Presently before the Court are Defendant RAJMP, Inc.'s motion for leave to file an amended answer to Plaintiff the United States of America's first amended complaint, (Doc. No. 176), Joan M. Politte's motion for leave to file first amended answer to first amended complaint, (Doc. No. 179), and motion for leave to file first amended answer to first amended complaint by Defendants Kelly M. Politte as personal representative of the Estate of Robert A. Politte and Ted R. Politte as the personal representative of the Estate of Robert A. Politte, (Doc. No. 185). The United States filed a response to each of Defendants' motions. (Doc. Nos. 187, 202, 203.) Based on the arguments presented in the briefing, the Court **GRANTS** each Defendants' motion for leave to file an amended answer.

## BACKGROUND

In a telephonic status conference held with Magistrate Judge Gallo on September 24, 2019, counsel for the United States claimed that Defendants, in their respective answers, conceded that the Government properly and/or lawfully rejected an offer in compromise ("OIC") submitted by RAJMP, Inc. ("RAJMP"). (Doc. No. 176-1 at 7; Doc. No. 179-1 at 5; Doc. No. 185-1 at 4.) It had not previously occurred to Defendants or their counsel that their operative answers might be construed to admit that the Government's alleged superficial rejection of the OIC was, in fact, legally effective. (*Id.*) Defendants assert that they have consistently taken the position throughout this litigation that the Government's purported rejection of the OIC was not valid or effective. (*Id.*) However, based on the Government's assertion, Defendants each filed motions to amend their answers to clarify Paragraph 70 or 71 of their respective answers and to articulate more explicitly their accord-and-satisfaction affirmative defense[1].

RAJMP seeks leave to amend paragraph 70 of its answer to state:

> RAJMP admits that a collection due process hearing for some, but not all, periods and taxes was requested by RAJMP, but denies the allegation that the statute of limitations for filing this lawsuit was tolled for no less than 419 days during the period that

---

[1] The Court notes that RAJMP only seeks leave to amend Paragraph 70 of its answer. (*See generally* Doc. No. 176.)

> the collection due process was pending before the IRS, plus the period within which RAJMP could have appealed.

(Doc. No. 176-3 ¶ 70.)

Joan Politte seeks leave to amend paragraph 71 of her answer to state:

> Joan Politte admits an offer in compromise was filed by RAJMP with the IRS. The averment that the offer in compromise was rejected is not a factual allegation, but an impermissibly pled legal conclusion, which requires no response. For the avoidance of doubt, Joan Politte denies that the offer in compromise was validly or lawfully rejected. Joan Politte denies the remaining allegations set forth in paragraph 71 of the Complaint.

(Doc. No. 179-2 ¶ 71.) She also seeks leave to amend paragraph 7 of her affirmative defenses to state:

> Plaintiff has overstated its alleged damages and has failed to apply numerous payments and credits to the tax liabilities. Further, Plaintiff has erroneously misallocated payments, thereby failing to mitigate its damages and increasing the purported liability of Joan Politte. Previous payments made toward the assessments as described in paragraph 69 of the Complaint have been or should be credited with such payments. The underlying tax liabilities were subject of an offer-in-compromise previously made by the taxpayer that was deemed accepted by the Government by operation of law, and accordingly the alleged damages are overstated and any actual damages have already been fully or partially satisfied.

(*Id.* ¶ 7.)

The Co-Personal Representatives seek leave to amend paragraph 71 of their answer to state:

> The Co-Personal Representatives admit that RAJMP submitted an offer in compromise request to the IRS, but deny any inferences that may be drawn therefrom regarding whether the offer in compromise encompassed all of the tax periods. The allegation regarding tolling expresses a legal conclusion that requires no response. To the extent the remaining allegations in paragraph 71 express any legal conclusions, no responses are required. The Co-Personal Representatives deny the remaining

> allegations contained in paragraph 71 of the First Amended Complaint.

(Doc. No. 185-2 ¶ 71.) They also seek leave to amend paragraph 7 of their affirmative defenses to state:

> Plaintiff has overstated its alleged damages and has failed to apply numerous payments, credits, and offsets to the purported tax, interest, penalties, costs and fees. Further, Plaintiff has erroneously imposed such liabilities and has misallocated payments, credits, and offsets, thereby failing to mitigate its damages and increasing any purported liability of RAJMP and/or the Estate of Robert A. Politte. The purported assessments as described in paragraph 69 of the First Amended Complaint should be credited with such payments, credits, and offsets. The underlying tax liabilities were the subject of an offer-in-compromise previously made by RAJMP that was deemed accepted by the Government by operation of law, and accordingly the alleged damages are overstated and any actual damages have already been fully or partially satisfied.

(*Id.* ¶ 7.)

Plaintiff asserts that Defendants were informed of this issue in their answers twenty-two months prior to the September 24, 2019 telephone call. (Doc. No. 202 at 8; Doc. No. 203 at 9.) Accordingly, Plaintiff opposes Defendants' proposed amendments to their respective answers. This Order follows.

## **LEGAL STANDARD**

A district court has "broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992) (citation omitted). Generally, under Federal Rule of Civil Procedure 16(b), the pretrial scheduling order can be modified only "upon a showing of good cause." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002) (citation omitted). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing *Johnson*, 975 F.2d at 609). If the party seeking the modification was not diligent, the motion to amend should not be granted. *Id.* Only after the moving party

4

has demonstrated good cause under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment is proper. *Johnson*, 975 F.2d at 608.

Once the opposing party has filed a responsive pleading, a party may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a) provides that courts should "freely give leave when justice so requires." *Id.* This rule is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Nonetheless, the decision to grant or deny a motion to amend is committed to the discretion of the district court. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir.1987). At the same time, "refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Ninth Circuit has identified "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing *Foman*, 371 U.S. at 182); *see also DCD Programs*, 833 F.2d at 186. "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. Absent prejudice, there is a presumption in favor of granting leave to amend. *Id.*

## DISCUSSION

The Court will address each of the Defendants' motions for leave to file first amended answers to first amended complaint in turn.

A.   RAJMP's Motion for Leave to File an Amended Answer

RAJMP seeks leave to amend its answer due to a misstatement in paragraph 70 of its Answer. (Doc. No. 176-1 at 6.) The Court will address each of the *Foman* factors.

i.   *Bad Faith*

RAJMP asserts that there is a complete absence of bad faith as this was a simple pleading error. (Doc. No. 176-1 at 17.) Plaintiff asserts that RAJMP did act in bad faith as RAJMP has misled the Court about its reason for its motion, the contents of its filed answer,

and the scope of its proposed amendments. (Doc. No. 203 at 10.) In the context of a motion for leave to amend, "bad faith" means acting with the intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). Plaintiff asserts that RAJMP admitted that the IRS rejected the OIC in their answer. However, this is the exact admission that RAJMP asserts was a misstatement. RAJMP has repeatedly asserted throughout this litigation that the OIC was not properly rejected. In fact, RAJMP did reject paragraph 71 of its answer, and did not admit that there was any formal statutory required rejection. Further, RAJMP did identify an accord and satisfaction defense in its answer. RAJMP has asserted time and time again that the OIC was not properly rejected.

Plaintiff also asserts the fact that RAJMP did not file a tax court case regarding the OIC evidences bad faith. However, there is no requirement that RAJMP file a tax court case. The fact that RAJMP did not file a tax court case does not establish bad faith in amending its answer. The Court does not find bad faith in making this amendment.

  *ii. Undue Delay*

RAJMP asserts that there is no undue delay as RAJMP realized on September 24, 2019 that Plaintiff intended to assert that its answer admitted that the OIC was rejected and filed this motion on October 2, 2019. Plaintiff asserts that this defense should have been raised 10 years ago. However, the first litigation was prior to the occurrence of the OIC. Further, the amount of liability could not be contested in the first litigation. *See* 26 U.S.C. § 7426(c). RAJMP filed its motion within one week once it was aware that Plaintiff was interpreting its answer in this manner. RAJMP did not delay.

  *iii. Futility*

Plaintiff does not argue that this amendment is futile. Accordingly, this factor weighs in favor of granting leave to amend.

  *iv. Prior Amendments*

RAJMP has not sought a prior amendment to its answer in this case. Accordingly, this factor weighs in favor of granting leave to amend.

///

*v.   Prejudice*

Plaintiff asserts that it will suffer prejudice in several ways if the Court allows the proposed amendment. (Doc. No. 203 at 21.) First, Plaintiff asserts that it will suffer prejudice from the degradation of any evidence. (*Id.*) Second, Plaintiff contends that had RAJMP raised the OIC defense at the ENE, then Plaintiff would not have agreed to bifurcate the case. (*Id.* at 22.) Third, Plaintiff asserts that this will over-burden the United States in discovery. (*Id.*)

It is unclear to the Court how the bifurcation shows prejudice. The only issue resolved in the bifurcation was the alter-ego issue, which did not require discovery. Further, at the time this motion was filed, the Court had not issued a scheduling order, no discovery had been propounded by any party, and the parties had not yet served their initial disclosures under Fed. R. Civ. P. 26(a)(1). Plaintiff still has time to conduct discovery on the OIC defense, to file motions for summary judgment, and to litigate the same. In regards, to degradation of evidence, a correction of this pleading error would not cause the degradation of evidence. Furthermore, Plaintiff brought this suit in 2017 rather than bringing it sooner to the close of the previous litigation.

B.   <u>Joan M. Politte's Motion for Leave to File First Amended Answer</u>

Joan M. Politte seeks leave to amend her answer to clarify paragraph 71 of her answer and to articulate more explicitly her accord-and-satisfaction affirmative defense. (Doc. No. 179-1 at 5–6.) The Court will address each of the *Foman* factors.

*i.   Bad Faith*

Joan Politte argues that she only recently learned that Plaintiff interpreted paragraph 71 of her answer as an admission that the OIC was effectively rejected as a legal conclusion. (Doc. No. 179-1 at 10.) Plaintiff asserts that Joan Politte is acting in bad faith as she misrepresents the contents of her answer, misrepresents the impact of her proposed amendments, and her actions before and after filing her answer suggest that she did not plead her OIC defense. (Doc. No. 187 at 6–11.)

First, Joan Politte has been clear throughout the entirety of this litigation that she

contested whether the OIC was effectively rejected. Second, the fact that Joan Politte has asserted the same language in all three of her answers is immaterial. Plaintiff has filed three complaints that included the same allegation, however, this is the first time Joan Politte was made aware that Plaintiff was choosing to interpret the language in her answer in this manner. Second, despite not being labeled as "accord and satisfaction," Joan Politte did plead the substance of the defense. *See* Fed. R. Civ. P. 8(e). Third, the fact that Joan Politte argues that Plaintiff's contentions in paragraph 71 are impermissible legal conclusions does not establish bad faith.

Plaintiff asserts that Joan Politte misrepresents the impact of her proposed amendment. (Doc. No. 187 at 9.) However, Joan Politte attached her proposed amendment to her motion. She has not misrepresented the impact of her proposed amendment.

Next, Plaintiff asserts that Joan Politte acted in bad faith because she has not raised this defense in the roughly ten years this litigation has been pending. (Doc. No. 187 at 10.) Again, Joan Politte recently learned of Plaintiff's interpretation of paragraph 71 and her corresponding answer. Further, during the previous action, the OIC had not been rejected. There is also a presumption under 26 U.S.C. § 7426(a)(4) that the assessment of tax is valid. Accordingly, Joan Politte could not raise the OIC issue during the previous action or during the appeal to the Ninth Circuit. Furthermore, Joan Politte's failure to raise the OIC defense at the ENE that was focused on collateral estoppel does not show bad faith. Plaintiff has failed to establish bad faith.

   *ii.* *Undue Delay*

Plaintiff asserts that there was undue delay. However, as explained above, Joan Politte filed this motion shortly after learning of Plaintiff's interpretation of her answer, and she could not have asserted this defense in the prior action. There is no undue delay from the time Joan Politte learned of Plaintiff's interpretation in September 2019 to Joan Politte seeking leave to amend.

///
///

   iii. *Futility*

Plaintiff does not argue that this amendment is futile. Accordingly, this factor weighs in favor of granting leave to amend.

   iv. *Prior Amendments*

Joan Politte has not sought a prior amendment to its answer in this case. Accordingly, this factor weighs in favor of granting leave to amend.

   v. *Prejudice*

Plaintiff asserts that it will suffer prejudice in several ways if the Court allows the proposed amendment. (Doc. No. 187 at 13.) First, Plaintiff contends that had RAJMP raised the OIC defense at the ENE, then Plaintiff would not have agreed to bifurcate the case. (*Id.*) Second, Plaintiff asserts that this will over-burden the United States in discovery. (*Id.*) It is unclear to the Court how the bifurcation shows prejudice. The only issue resolved in the bifurcation was the alter-ego issue, which did not require discovery. Discovery had not yet started when Joan Politte's motion was filed, thus Plaintiff has not shown how it will suffer prejudice from granting leave to amend. Plaintiff still has time to conduct discovery on the OIC defense, to file motions for summary judgment, and to litigate the same.

C. <u>Kelly M. Politte as Personal Representative of the Estate of Robert A. Politte and Ted R. Politte as the Personal Representative of the Estate of Robert A. Politte's Motion for Leave to File First Amended Answer</u>

Kelly M. Politte as Personal Representative of the Estate of Robert A. Politte and Ted R. Politte as the Personal Representative of the Estate of Robert A. Politte ("the Co-Personal Representatives") seek leave to amend their answer to clarify paragraph 71 of their answer and to articulate more explicitly their accord-and-satisfaction affirmative defense. (Doc. No. 179-1 at 5–6.) The Court will address each of the *Foman* factors.

/ / /

/ / /

/ / /

    *i.*    *Bad Faith*

The Co-Personal Representatives assert that they did not act in bad faith as they only recently learned that Plaintiff believes the legality of the OIC's rejection is conceded by their answer. (Doc. No. 185-1 at 11.) Plaintiff asserts that the Co-Personal Representatives are acting in bad faith as they misrepresent the contents of their answer, misrepresent the impact of their proposed amendments, and their actions before and after filing their answer suggest that they did not plead their OIC defense. (Doc. No. 202 at 9–18.)

First, Plaintiff asserts that the Co-Personal Representatives acted in bad faith because their answer currently does not contain qualifications to their responses or plead any facts to the OIC defense. (*Id.* at 11–13.) Federal Rules of Civil Procedure Rule 8(b)(1) requires a party to "admit or deny the allegations asserted against it by the opposing party." Further, "[i]n responding to a pleading, a party must: state in short plain terms its defenses to each claim asserted against it." *Id.* Accordingly, Rule 8 has been met here in the Co-Personal Representative's current answer. Thus, the fact that they did not qualify their responses does not evidence bad faith.

Next Plaintiff asserts that the Co-Personal Representatives' actions before and after the filing of their answer demonstrate that they did not plead the OIC defense. (Doc. No. 202 at 15–16.) Plaintiff argues the fact that Co-Personal Representatives had not asserted the OIC issue before now evidences bad faith. (*Id.*) However, the Co-Personal Representatives were not parties to the previous litigation. Further, the previous action occurred prior to the acceptance or rejection of the OIC. Robert Politte was also barred from asserting the OIC defense in the previous litigation as explained above that it was presumed that the tax was valid. *See* 26 U.S.C. § 7426(a)(4). Plaintiff also asserts the fact that RAJMP did not file a tax court case regarding the OIC evidences bad faith. (Doc. No. 202 at 15–16.) However, there is no requirement that RAJMP file a tax court case. Further, both the Court and Plaintiff have been aware for quite some time now that Co-Personal Representatives have asserted that the OIC was not properly rejected.

Plaintiff asserts that the Co-Personal Representatives misrepresent the impact of

their proposed amendment. (Doc. No. 202 at 16–18.) However, the Co-Personal Representatives attached their proposed amendment to their motion. They have not misrepresented the impact of their proposed amendment.

        ii.    *Undue Delay*

Plaintiff asserts that there was undue delay. (Doc. No. 202 at 19.) However, as explained above, the Co-Personal Representatives filed this motion shortly after learning of Plaintiff's interpretation of their answer, and they could not have asserted this defense in the prior action. There is no undue delay from the time the Co-Personal Representatives learned of Plaintiff's interpretation in September 2019 to them seeking leave to amend.

        iii.    *Futility*

Plaintiff does not argue that this amendment is futile. Accordingly, this factor weighs in favor of granting leave to amend.

        iv.    *Prior Amendments*

The Co-Personal Representatives have not sought a prior amendment to their answer in this case. Accordingly, this factor weighs in favor of granting leave to amend.

        v.    *Prejudice*

Plaintiff asserts that it will suffer prejudice in several ways if the Court allows the proposed amendment. (Doc. No. 202 at 20–24.) First, Plaintiff contends that it will suffer prejudice from the degradation of evidence. (*Id.* at 20–21.) Second, Plaintiff contends that had the Co-Personal Representatives raised the OIC defense at the ENE, then Plaintiff would not have agreed to bifurcate the case. (*Id.* at 21.) Third, Plaintiff asserts that this will over-burden the United States in discovery. (*Id.* at 22.)

In regards, to degradation of evidence, Plaintiff brought this suit in 2017 rather than bringing it sooner to the close of the previous litigation. Further, the Co-Personal Representatives assert that the Government already has copies of the records that were damaged in the flood/sewage leak. It is unclear to the Court how the bifurcation shows prejudice. The only issue resolved in the bifurcation was the alter-ego issue, which did not require discovery. Discovery had not yet started when the Co-Personal Representative's

motion was filed, thus Plaintiff has not shown how it will suffer prejudice from granting leave to amend. Plaintiff still has time to conduct discovery on the OIC defense, to file motions for summary judgment, and to litigate the same. This would not overburden Plaintiff with discovery as Co-Personal Representatives have been asserting this claim throughout the entire course of the litigation.

In regards to all Defendants, leave to amend is to be freely given when justice so requires. Defendants have asserted continually through this entire action their OIC defense, and have never argued that the OIC was legally and effectively rejected. Plaintiff has not established any of the *Foman* factors, especially prejudice, as discovery had not yet started when Defendants filed for leave to amend. Accordingly, leave to amend should be given in this matter.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant RAJMP, Inc.'s motion for leave to file an amended answer to Plaintiff the United States of America's first amended complaint, **GRANTS** Joan M. Politte's motion for leave to file first amended answer to first amended complaint, and **GRANTS** motion for leave to file first amended answer to first amended complaint by Defendants Kelly M. Politte as personal representative of the Estate of Robert A. Politte and Ted R. Politte as the personal representative of the Estate of Robert A. Politte. Defendants must file their amended answers **within thirty (30) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated: August 25, 2020

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge